WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fidelity National Financial, Inc., et al., | ) ) |
| Plaintiffs, | ) No. CIV 03-1222 PHX RCB ) |
| vs. | ) O R D E R ) |
| Colin H. Friedman, et al., | ) ) |
| Defendants. | ) ) |

This matter is before the Court on Plaintiffs' motion to compel and motion for sanctions. Mot. (doc. # 119). Plaintiffs seek an order compelling third party Yariv Elazar to comply with a subpoena for the production and inspection of documents. Id. at 2-5. In addition, Plaintiffs seek sanctions in the amount of $1,170.00, representing attorney's fees incurred in bringing this motion due to Elazar's refusal to comply with their subpoena. Id. at 5-6. On December 4, 2006, a response was filed as being on behalf of Defendants Farid and Anita Kramer Meshkatai and third

1  party Yariv Elazar by name.[1]  Resp. (doc. # 125) at 2, 6.  On

2  December 8, 2006, Plaintiffs filed their reply.  Reply (doc. #

3  126).  Having carefully considered the arguments raised, the Court

4  now rules.

5  **I.   BACKGROUND**

6      On July 12, 2002, Plaintiffs Fidelity National Financial, Inc.

7  and Fidelity Express Network, Inc. obtained a judgment for

8  $8,475,978.00 in the United States District Court for the Central

9  District of California against Defendants Colin H. Friedman, Hedy

10 Friedman, Anita Kramer Meshkatai, and Farid Meshkatai.  _Fid. Nat'l_

11 _Fin., Inc. v. Friedman_, No. CV 00-06902-GAF-RZ (C.D. Cal. 2002)

12 (doc. # 235) at 2.[2]  On November 14, 2002, Plaintiffs registered

13 the California judgment by filing a certified copy in this Court.

14 (doc. # 1).  Post-judgment proceedings in the California action are

15 currently before the Honorable Gary A. Feess.

16     On July 6, 2006, Plaintiffs filed another action against the

17 judgment debtors in the United States District Court for the

18 Central District of California, alleging RICO violations and

19 fraudulent conveyances in connection with their evasion of the

20 underlying judgment.  _Fid. Nat'l Fin., Inc. v. Friedman_, No. CV 06-

21 04271-CAS-JWJ (C.D. Cal. 2006) (doc. # 1).  The RICO action is

22 currently before the Honorable Christina A. Snyder.

23 _____

24     [1]  Because counsel has appeared on his behalf, the Court has
   jurisdiction over Elazar. For ease of discussion, the Court shall
25 hereafter in this Order refer to the party Defendants and Elazar
   collectively as "Defendants," except as otherwise indicated.

26
    [2]  The Court takes judicial notice of the related cases in the
27 United States District Court for the Central District of California
   as matters of public record having a direct relation to the matters
28 in this case between the same parties.  _See_ Fed. R. Evid. 201.

On September 27, 2006, Plaintiffs filed an ex parte application for an order scheduling expedited discovery concerning a motion for preliminary injunction filed by them in the RICO action. Id. (doc. # 63). On October 10, 2006, Judge Snyder issued an order authorizing a number of expedited depositions and document production requests related to Plaintiffs' motion for preliminary injunction. Id. (doc. # 75).

Meanwhile, in September of 2006, during the course of ongoing investigations[3] related to their collection efforts, Plaintiffs apparently learned that the judgment debtors who are Defendants in this action had loaned a large sum of money to Yariv Elazar, a third party residing in Scottsdale, Arizona. Cabanday Decl. (doc. # 119) at 7 ¶ 4. On October 10, 2006-- the same date as Judge Snyder's order permitting expedited discovery in the RICO action-- Plaintiffs served Elazar with a subpoena issued by this Court for documents related to transactions with the judgment debtors. Id. ¶ 5; Mot. (doc. # 119), Ex. 1; Resp. (doc. # 125) at 3.

On October 19, 2006, one day before he was to appear, Elazar's counsel sent Plaintiffs a letter objecting to the subpoena, arguing that it was untimely and inconsistent with Judge Snyder's order regarding expedited discovery in the RICO action. Mot. (doc. # 119), Ex. 2 at 2. Counsel also maintained that Elazar could not be required to appear in California, and that the subpoena would be unenforceable if costs were not advanced. Id. In an effort to reach an out-of-court resolution of the matter, Plaintiffs' counsel

---

[3]   Plaintiffs have been conducting post-judgment discovery pursuant to Rule 69(a) of the Federal Rules of Civil Procedure.

- 3 -

1  responded to these objections by letter dated October 25, 2006.

2  Mot. (doc. # 119), Ex. 3.  Plaintiffs' counsel then sent a second

3  letter on November 6, 2006, advising Elazar's counsel that Elazar's

4  continued noncompliance would result in the filing of a motion to

5  compel.  Mot. (doc. # 119), Ex. 4 at 1-2.  As promised, Plaintiffs

6  filed this motion (doc. # 119) on November 15, 2006.

7      Subsequently, at a status conference on November 27, 2006,

8  Judge Snyder indicated that she would confer with Judge Feess

9  regarding the possibility of appointing a master to oversee

10  discovery in the RICO action and the original action.  Supplement

11  to Defs.' Resp. (doc. # 131), Ex. E at 21:17-23.

12  **II.   DISCUSSION**

13      Plaintiffs seek an order compelling Elazar's compliance with

14  their subpoena for the production and inspection of documents

15  related to transactions with the judgment debtors.  Mot. (doc. #

16  119) at 3-5.  Plaintiffs maintain that their request for discovery

17  from this third party is appropriate under Rule 69(a) of the

18  Federal Rules of Civil Procedure.  Id.  In addition, Plaintiffs

19  seek monetary sanctions for attorney's fees related to the research

20  and drafting of this motion to compel, arguing that Elazar's

21  noncompliance with the subpoena has been unjustified.  Id. at 5-6.

22  **A. Motion to Compel**

23      Defendants object to the subpoena served on Elazar on three

24  grounds.  First, they contend that the discovery sought is improper

25  under Rule 69(a).  Resp. (doc. # 125) at 5.  Second, they believe

26  that it violates Judge Snyder's order regarding expedited discovery

27  in the RICO action.  Id. at 4-5.  Finally, they argue that the

28  discovery sought would violate an order by Judge Snyder regarding

-4-

1   the coordination of discovery in the related cases.  Id. at 3-4.

2       **1. Propriety of Request Under Rule 69(a)**

3       Defendant's first argument is without merit.  Rule 69(a) of

4   the Federal Rules of Civil Procedure unambiguously provides that a

5   judgment creditor "may obtain discovery from any person, including

6   the judgment debtor, in the manner provided in these rules or in

7   the manner provided by the practice of the state in which the

8   district court is held."  Fed. R. Civ. P. 69(a) (emphasis added).

9   Nevertheless, Defendants contend that "Rule 69(a) generally does

10   not contemplate discovery to non-parties in aid of execution of

11   judgment."  Resp. (doc. # 125) at 5.  Interestingly enough, the

12   case on which Defendants rely for this erroneous proposition

13   contradicts their position.  See Magnaleasing, Inc. v. Staten

14   Island Mall, 76 F.R.D. 559, 561 (S.D.N.Y. 1977) ("'In aid of the

15   judgment or execution, the judgment creditor . . . may obtain

16   discovery from any person . . . .'") (quoting Fed. R. Civ. P.

17   69(a)).  Moreover, as recognized by the Magnaleasing court, the

18   purpose of post-judgment discovery under Rule 69(a) is to discover

19   "concealed or fraudulently transferred assets."  Id.  In this

20   instance, Plaintiffs have made a strong showing that the documents

21   sought from Elazar are both relevant and necessary in light of

22   their discovery of a substantial loan from the judgment debtors to

23   Elazar.  See Cabanday Decl. (doc. # 119) at 7 ¶ 4; Mot. (doc. #

24   119), Ex. 1 at 3.  Accordingly, the Court finds that Plaintiffs'

25   use of Rule 69(a) to seek discovery from Elazar is proper.

26       **2. Judge Snyder's Order in the RICO Action**

27       On October 10, 2006, Judge Snyder issued an order authorizing

28   a number of expedited depositions and document production requests

related to a motion for preliminary injunction filed by Plaintiffs
in the RICO action.  <u>Fid. Nat'l Fin., Inc. v. Friedman</u>, No. CV 06-
04271-CAS-JWJ (C.D. Cal. 2006) (doc. # 75).  In response to the
present motion to compel, Defendants insinuate that the subpoena
here at issue is nothing more than a ruse by Plaintiffs intended to
circumvent Judge Snyder's order, which they believe "severely
limit[s] discovery in the RICO action."  Resp. (doc. # 125) at 4.

     The Court does not share Defendants' suspicions.  The order to
which Defendants refer simply provides for expedited discovery
concerning Plaintiffs' motion for preliminary injunction in the
RICO action, which has already been argued and granted.  <u>See</u> <u>Fid.</u>
<u>Nat'l Fin., Inc. v. Friedman</u>, No. CV 06-04271-CAS-JWJ (C.D. Cal.
2006) (doc. ## 79, 152) (minutes of order to show cause re
preliminary injunction hearing; order granting motion for
preliminary injunction).  Dealing only with discovery concerning
Plaintiffs' motion for preliminary injunction, Judge Snyder's order
neither imposes any "severe limit[s] on discovery" in the RICO
action nor, more importantly, does it appear that Judge Snyder
intended to seek to bind this Court.

     The Court also rejects Defendants' suggestion that the close
timing of the subpoena and Judge Snyder's discovery order is
somehow indicative of Plaintiffs' improper motive.  Given the
revelation in September of 2006 of a substantial loan transaction
between the judgment debtors and Elazar, <u>see</u> Cabanday Decl. (doc. #
119) at 7 ¶ 4, the Court perceives nothing sinister about
Plaintiffs' motives in subpoenaing Elazar in October of 2006 for
the production and inspection of documents related to that
transaction.  Indeed, Defendants cast greater doubt on their own

1   motives through their silence on the issue of the alleged loan
2   transaction, and their hollow assertions that the documents sought
3   from Elazar are irrelevant.   Therefore, the Court finds that
4   Plaintiffs' efforts to obtain post-judgment discovery from Elazar
5   in the action pending before this Court are proper, and are not
6   affected by any order entered by Judge Snyder in the RICO action.

7         **3. Judge Snyder's Order Regarding Coordination of Discovery**

8         In a similar vein, Defendants paint Plaintiffs' present
9   efforts at obtaining discovery in this action as a veiled attempt
10  at circumventing Judge Snyder's plan to coordinate discovery in the
11  RICO action and original action.   Resp. (doc. # 125) at 3-4.   At a
12  status conference on November 27, 2006, Judge Snyder indicated that
13  she would confer with Judge Feess regarding the possibility of
14  appointing a master to oversee discovery in those two cases.
15  Supplement to Defs.' Resp. (doc. # 131), Ex. E at 21:17-23.
16  Because the present action arises out of Plaintiffs' registration
17  of the California judgment in this Court, Defendants believe that
18  "Judge Snyder's statements affects [sic] this case."   Resp. (doc. #
19  125) at 4.   Defendants cite no legal authority for this erroneous
20  proposition.

21        This Court has not been contacted by any other court regarding
22  the possibility of coordinating discovery in all three actions, and
23  is consequently unaware of how the other courts wish to proceed.
24  More importantly, the parties have not petitioned or demonstrated
25  to this Court the need for coordinating discovery with the other
26  courts.   Therefore, it would be premature to delay discovery on the
27  speculation that a master may be appointed with authority to
28  oversee discovery in this case.   Post-judgment discovery will

1  continue to proceed in this case as it has since its inception with

2  the full cooperation of all parties.

3      Plaintiffs motion to compel will be granted.  The parties

4  should arrange for Elazar to produce the requested documents at a

5  reasonable time and place in Arizona.  See Mot. (doc. # 119), Ex.

6  3.  Alternatively, if the parties agree, they may arrange for

7  Elazar's production of the requested documents at the California

8  offices of Plaintiffs' counsel at Plaintiffs' expense.

9      **B. Motion for Sanctions**

10     Plaintiffs seek $1,170.00 in attorney's fees for researching

11 and drafting this motion to compel.  Mot. (doc. # 119) at 5-6.  The

12 request is supported by the declaration of Thomas H. Case,

13 reflecting 5 hours of research and drafting at an hourly rate of

14 $235.00.  Case Decl. (doc. # 119) at 9 ¶ 2.  Although Defendants

15 have had notice of Plaintiffs' motion for sanctions, the motion is

16 essentially unopposed-- save for the unmeritorious objections to

17 the subpoena discussed above.  Resp. (doc. # 125) at 1-6.  Under

18 Local Rule of Civil Procedure 7.2(i), the Court may deem a party's

19 lack of opposition-- or untimely opposition-- as consent to the

20 granting of a motion, and may grant the motion summarily if it is

21 facially meritorious.  LRCiv 7.2(i); Henry v. Gill Indus., Inc.,

22 983 F.2d 943, 950 (9th Cir. 1993).  The Court finds that

23 Plaintiffs' request for fees is facially meritorious.

24     A subpoena duces tecum is itself a court order, noncompliance

25 with which may warrant contempt sanctions.  See Fed. R. Civ. P.

26 45(e).  The Court finds that counsel's hourly rate of $235.00 for 5

27 hours of research and drafting are reasonable measures of the fees

28 incurred by Plaintiffs in bringing this motion.  See Case Decl.

1 (doc. # 119) at 9 ¶ 2.  More importantly, as explained above,

2 Defendants' underlying objections to the subpoena served on Elazar

3 border on frivolous.  Defendants have not raised any other grounds

4 in their response to suggest that an award of fees would be

5 unwarranted under the circumstances.  Plaintiffs' motion for

6 sanctions will therefore be granted, ordering Elazar to pay

7 monetary sanctions of $1,170.00 to Plaintiffs for attorney's fees

8 incurred in bringing this motion to compel.

9 **III.  CONCLUSION**

10     In light of the foregoing analysis,

11     IT IS ORDERED that Plaintiffs' motion to compel (doc. # 119)

12 is GRANTED.  Yariv Elazar shall produce the requested documents as

13 described in the foregoing order.

14     IT IS FURTHER ORDERED that Plaintiffs' motion for sanctions is

15 (doc. # 119) GRANTED.

16     IT IS FURTHER ORDERED directing Yariv Elazar to pay monetary

17 sanctions in the amount of $1,170.00 to Plaintiffs for attorney's

18 fees incurred in bringing this motion to compel.

19     DATED this 6th day of February, 2007.

20

21

22 _____

23 Robert C. Broomfield
    Senior United States District Judge

24

25

26 Copies to counsel of record

27

28