**SCHIAN WALKER, P.L.C.**
3550 NORTH CENTRAL AVENUE, #1700
PHOENIX, ARIZONA 85012-2115
TELEPHONE: (602) 277-1501
FACSIMILE: (602) 297-9633
E-MAIL:  ecfdocket@swazlaw.com
MICHAEL R. WALKER, #003484
MARK C. HUDSON, #020500
Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| FIDELITY NATIONAL FINANCIAL, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>COLIN H. FRIEDMAN, *et al*,<br><br>Defendants. | No. CV03-1222-PHX-RCB<br><br>**MOTION FOR PROTECTIVE ORDER**<br><br>(Oral Argument Requested) |

Defendants Colin H. Friedman and Hedy Kramer Friedman (the "**Friedmans**") move the Court to enter a protective order barring Fidelity National Financial, Inc. and Fidelity Express Network, Inc. (collectively "**Fidelity**") from seeking discovery regarding Case No. CV00-6902-GAF (the "**California Judgment**"), later domesticated in Arizona and captioned as Case No. CV03-1222-PHX-RCB (the "**Arizona Judgment**"), because Fidelity failed to renew the judgment pursuant to A.R.S. § 12-1612(B).  Because the Arizona statute of limitations for renewing the judgment has expired, the Arizona Judgment has expired and this Court lacks jurisdiction to compel the Friedmans to produce documents and submit to examination by Fidelity regarding the Arizona Judgment.  This motion is more fully supported by the following Memorandum of Points and Authorities and a separately-filed *Motion To Quash, Vacate and/or Strike Fidelity's Certification of Judgment for Registration in Another District (Dated January 1, 2007) and Renewal of Judgment in District of Arizona* (hereinafter referred to as the "**Motion to Quash**"), incorporated herein by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>.

The relevant factual and procedural background is set forth in the Motion to Quash and not repeated herein.

II. <u>LEGAL ARGUMENT</u>.

    A. <u>The Arizona Statute of Limitations for Renewing the Arizona Judgment Has Expired</u>.

Fidelity failed to timely renew the Arizona Judgment. As set forth in the Motion to Quash, Fidelity's attempted renewal of the Arizona Judgment was ineffective under A.R.S. § 12-1612 to effectuate renewal. Fidelity filed its *Certification of Judgment for Registration in Another District (Dated January 1, 2007) and Renewal of Judgment in District of Arizona* (the "**Certificate**") more than four months prior to the 90-day renewal period mandated by the statute and failed to file the required "renewal affidavit." A.R.S. § 12-1612. As a result, the Arizona Judgment has now expired and is no longer enforceable.

    B. <u>Good Cause Exists for the Entry of a Protective Order</u>.

Because the Arizona statute of limitations for renewing the Arizona Judgment has lapsed, Fidelity is barred from seeking discovery regarding collection of the Arizona Judgment. *See* A.R.S. § 12-1551(B) ("[a]n execution or other process shall not be issued upon a judgment after the expiration of five years from the date of its entry unless the judgment is renewed by affidavit or process pursuant to 12-1612 or an action is brought on it within five years from the date of the entry of the judgment or of its renewal"). Although Fidelity has no legal basis for propounding discovery, Fidelity, pursuant to A.R.S. § 12-1631, asserts its right to subject the Friedmans to judgment debtor examinations and to produce documents regarding the Friedmans' Arizona property.

Under the Federal Rules of Civil Procedure, Rule 26(c)(1) provides:

> A party or any person whom discovery is sought may move for a protective order in the court where the action is pending . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the

> dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

If the Court finds that a protective order is necessary, it may, among other things, forbid disclosure or discovery completely. Fed. R. Civ. P. 26(c)(1)(A). The Friedmans' counsel has in good faith attempted to confer with Fidelity's counsel in an effort to resolve the dispute without court action.[1] Fidelity, however, remains stalwart in its position. The entry of a protective order barring Fidelity from seeking discovery is necessary to protect the Friedmans from undue annoyance, embarrassment, oppression, undue burden and expense by Fidelity.

Protective orders are entered for "good cause." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Courts' determinations whether "good cause" exists are rarely disturbed on appeal, as the trial court enjoys considerable discretion in deciding discovery matters. *See Survivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (noting that "District courts have broad discretion in determining relevancy for discovery purposes) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). The party asserting good cause bears the burden of showing that specific prejudice or harm will result if no protective order is granted. *Foltz*, 331 F.3d at 1130 (citing *Phillips v. Gen. Motors,* 307 F.3d 1206, 1210-11 (9th Cir. 2002)); *see also Deford v. Schmid Prods. Co.,* 120 F.R.D. 648, 653 (D. Md. 1987) (noting that the party requesting a protective order must provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm").

The Motion to Quash demonstrates that Fidelity's attempted renewal was ineffective under A.R.S. § 12-1612. Because the Arizona Judgment is no longer valid, this Court is without jurisdiction to compel the Friedmans to comply with collection efforts, including discovery. Moreover, Fidelity may not enforce an expired judgment. Given the expired status of the Arizona Judgment, Fidelity's collection activity is unduly annoying, embarrassing, oppressing, burdensome and expensive.

///

---

[1] The Friedmans' Certification is attached hereto as Exhibit "A."

Accordingly, "good cause" exists for the Court to enter a protective order preventing Fidelity from taking any action against the Friedmans with respect to the now invalid Arizona Judgment.

III.     <u>CONCLUSION</u>.

For the foregoing reasons, the Friedmans respectfully request the Court enter a protective order forbidding Fidelity from taking any further action against the Friedmans with respect to the time-barred Arizona Judgment.

DATED this <u>10th</u> day of January, 2008.

        SCHIAN WALKER, P.L.C.

By <u>/s/   MARK C. HUDSON, #020500</u>
    Michael R. Walker
    Mark C. Hudson
    Attorneys for Defendants

COPY of the foregoing hand-delivered this <u>10th</u> day of January, 2008, to:

Honorable Robert C. Broomfield
Sandra Day O'Connor Courthouse
401 West Washington
Phoenix, Arizona 85003-2158

and COPY e-mailed, faxed and mailed to:

John J. Hennelly, Esq.
Thomas H. Case, Esq.
Orlando F. Cabanday, Esq.
Janice M. Kroll, Esq.
Scott M. Marconda, Esq.
Hennelly & Grossfeld, LLP
4640 Admiralty Way, #850
Marina del Rey, California 90292
Attorneys for Plaintiffs
FAX:  (310) 305-2116
jhennelly@hgla.com
tcase@hgla.com
ocabanday@hgla.com
jmkroll@hgla.com
smarconda@hgla.com

  <u>/s/   DEBBI STEPHENS</u>

Friedman\Fidelity\Plead-AZDC\MtnProtOrdV2

# EXHIBIT "A"

**SCHIAN WALKER, P.L.C.**
3550 NORTH CENTRAL AVENUE, #1700
PHOENIX, ARIZONA 85012-2115
TELEPHONE: (602) 277-1501
FACSIMILE: (602) 297-9633
E-MAIL:  ecfdocket@swazlaw.com
MICHAEL R. WALKER, #003484
MARK C. HUDSON, #020500
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation, and FIDELITY EXPRESS NETWORK, INC., a California corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>COLIN H. FRIEDMAN, *et al*.,<br><br>        Defendants. | No. CV03-1222-PHX-RCB<br><br>**DECLARATION OF COUNSEL**<br><br>[U.S. District Court, Central District of California, No. CV00-06902 WJR (AIJx)] |

I, MARK C. HUDSON, hereby certify under penalty of perjury that:

1. I am duly admitted to practice in the courts of the State of Arizona and the United States District Court for the District of Arizona.

2. I am an attorney with the firm of Schian Walker, P.L.C. (the "**Firm**").

3. I am familiar with the facts set forth in this declaration.

4. Defendants Colin H. Friedman and Hedy Kramer Friedman ("**Friedman**") engaged the Firm as legal counsel on January 7, 2008.

5. On January 7, 2008, the Firm sent an "e-letter" to counsel for the plaintiffs inquiring whether a protective order would be necessary to continue the debtor exam scheduled for Monday, January 18, 2008, or whether they would agree to postpone that exam pending resolution of the Friedman's challenge of the purported renewal of the judgment.  *See* copy attached hereto as Exhibit "1."

1  6. On January 9, 2008, the Firm sent a second e-letter to counsel for the plaintiffs, which raised this same question and also advised counsel that the documents requested were available to be picked up for copying. *See* copy attached hereto as Exhibit "2."

7. Subsequently, I coordinated with counsel for the plaintiffs to have a service pick up the requested documents for copying.

8. I also discussed the issue of the protective order with counsel for the plaintiffs, Janice Kroll.

9. Ms. Kroll advised me that it was the plaintiffs' position that they would not agree to continue the debtor examination, and that a protective order would be necessary to prevent that examination from going forward.

DATED this  10th  day of January, 2008.

　　　　　　　　　　　　　　　　　　　　　　　  /S/     MARK C. HUDSON, #020500
　　　　　　　　　　　　　　　　　　　　　　　　　　　Mark C. Hudson

Friedman\Fidelity\Plead\Decl-MCH

# EXHIBIT "1"



3550 N. Central Ave. Suite 1700
Phoenix, AZ 85012-2115

Michael R. Walker
mwalker@swazlaw.com

January 7, 2008

**_Sent via electronic mail only_**

Janice M. Kroll, Esq.
e-mail:  jmkroll@hgla.com

      Re:    <u>Fidelity National Financial v. Friedman, Meshkatai</u>
            Case No. CV 00-06902 GAF
            Your File No.:  F1003.005

Dear Ms. Kroll:

      Please be advised that this office has been retained to represent Colin and Hedy Friedman in connection with the order compelling the Friedmans to appear and produce documents.  The purpose of this letter is to advise you that absent some agreement between the parties, we will be filing a motion for a protective order on behalf of our clients prior to Monday, January 14, 2008.

      Your client no longer has a valid Arizona judgment upon which to execute or conduct post judgment discovery.  You can no longer enforce the judgment in Arizona because the statute of limitations has expired and the judgment was not properly renewed.

      However, we are aware that a continued settlement conference has been ordered by the district court in California.  In order to further those efforts, my clients are willing to produce the documents that you have requested.  I should be able to have them available in my office for a copy service to pick up, bate stamp, and copy by January 10, 2008.

      I would suggest that rather than have us file a motion for a protective order that you agree to continue the debtor exam while we file a motion to quash the discovery order and strike to renewal attempt.  Please feel free to give me a call to discuss the issues and how you want to handle this matter.

                                  Very truly yours,

                                  Michael R. Walker

MRW:jsl

cc: Colin and Hedy Friedman

# EXHIBIT "2"



3550 N. Central Ave. Suite 1700
Phoenix, AZ 85012-2115

**Mark C. Hudson**
mhudson@swazlaw.com

January 9, 2008

*Via Facsimile and E-Mail*

Janice M. Kroll, Esq.
Hennelly & Grossfeld, L.L.P.
4640 Admiralty Way, #850
Marina del Rey, California 90292

       Re:    Your File No. F1003.005
                  Fidelity National Financial v. Friedman, et al. - Case No. CV00-06902 GAF

Dear Ms. Kroll:

      This letter is sent as a follow-up to the letter dated January 7, 2008 sent to you by Mike Walker, another one of the attorneys with our firm. This is to advise you that Colin and Hedy Friedman have delivered to our office the documents responsive to your client's request. Therefore, the documents are available for you to have them picked up for Bates stamping and copying. We use IKON Office Solutions to handle these types of projects for our firm. If you like, we can contact them on your behalf to arrange to have this done. If not, as mentioned above, you can have your own service take care of it. Please let me know how you intend to handle the copying process.

      In addition, we would appreciate a response to Mr. Walker's query regarding the issue of whether or not a protective order will be necessary pending resolution of the issue of whether the judgment domesticated in Arizona has expired and may no longer be enforceable.

                                          Sincerely,

                                          /s/ Mark C. Hudson

                                          Mark C. Hudson

MCH:dls

Friedman\Fidelity\Corres\Kroll2