JOHN J. HENNELLY (SBN 137164)
jhennelly@hgla.com
ORLANDO F. CABANDAY (SBN 168131)
ocabanday@hgla.com
JANICE M. KROLL (SBN 189975)
jmkroll@hgla.com
HENNELLY & GROSSFELD LLP
4640 Admiralty Way, Suite 850
Marina del Rey, CA  90292
Phone:     (310) 305-2100
Fax:       (310) 305-2116

Attorneys for Plaintiffs and Judgment Debtors
FIDELITY NATIONAL FINANCIAL, INC. and
FIDELITY EXPRESS NETWORK, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| FIDELITY NATIONAL FINANCIAL, INC., a Delaware Corporation; and FIDELITY EXPRESS NETWORK, INC., a California Corporation,<br><br>                    Plaintiff(s),<br>        v.<br><br>COLIN H. FRIEDMAN, individually and as trustee of the Friedman Family Trust UDT, dated July 23, 1987; HEDY KRAMER FRIEDMAN, individually and as trustee of the Friedman Family Trust UDT, dated July 23, 1987; FARID MESHKATAI, an individual; and ANITA KRAMER MESHKATAI, individually and as trustee of the Anita Kramer Living Trust, dated July 23, 1987,<br><br>                    Defendant(s). | NO.  03 1222 PHX RCB<br><br>OPPOSITION TO JUDGMENT DEBTORS COLIN AND HEDY FRIEDMANS' MOTION TO VACATE FIDELITY'S CERTIFICATION OF REGISTRATION OF JUDGMENT IN ANOTHER DISTRICT (DATED JANUARY 1, 2007) AND RENEWAL OF JUDGMENT IN DISTRICT OF ARIZONA<br><br>REQUEST FOR JUDICIAL NOTICE AND DECLARATION OF JANICE M. KROLL FILED CONCURRENTLY<br><br>Hearing:      February 12, 2008<br>Time:         9:00 a.m.<br>Courtroom:    305 |

# RESPONSIVE MEMORANDUM

## I. INTRODUCTION

Colin and Hedy Friedman are judgment debtors on a $9 million fraud judgment in favor of Fidelity. The Friedmans refuse to pay the judgment and contend that they have no assets or income. However, they live in luxury using funds from family trusts and businesses, which they claim are judgment-proof. Fidelity contends that the Friedmans fraudulently transferred their assets and that they, together with other judgment debtors, business associates, family trusts and family businesses are engaged in a RICO asset protection scheme to avoid paying Fidelity's judgment.

By their motion, the Friedmans argue that Fidelity may not enforce its $9 million fraud judgment in Arizona because, they contend, that judgment was not properly renewed. As shown below, Fidelity's judgment is valid and enforceable in Arizona on at least three independent grounds:

(1) Fidelity's Arizona judgment was renewed by actions on the judgment;

(2) Fidelity's California judgment was timely registered in Arizona in 2007;

(3) Fidelity's 2007 renewal properly renewed the Arizona judgment.

## II. FACTS

### A. **Fidelity's Obtains a $9 Million Fraud Judgment against the Friedmans.**

On July 12, 2002, the U.S. District Court for the Central District of California entered a $9 million fraud judgment in favor of Fidelity against the Friedmans (the "California judgment"). Declaration of Janice M. Kroll ("Kroll Decl." ¶ 6. The Ninth Circuit Court of Appeals dismissed defendants' appeal on April 16, 2003 and the District Court entered the dismissal on May 15, 2003. Id. ¶7.

1

B.   **Fidelity Registers the California Judgment in Arizona.**

On November 13, 2002, the Clerk of the U.S. District Court for the Central District of California, certified the California judgment for registration in Arizona. Exhibit 4, Docket, Request for Judicial Notice, Docket Entry 1. The Certification stated that the California judgment was on appeal and that the federal district court had entered an order allowing Fidelity to register it in Arizona. Id. The U.S. District Court for the District of Arizona registered the Certification on November 21, 2002. (the "Arizona judgment"). [Docket Entry 1].

C.   **Fidelity Enforces the Arizona Judgment.**

On April 7, 2003, this case was transferred to the civil docket and assigned case number CV03-1222-PHX-RCB (KCB).

Since registering the judgment, Fidelity has taken multiple actions here to enforce the Arizona judgment. See, e.g. Docket, Exhibit 4, Request for Judicial Notice. Fidelity applied for and the Court issued writs of garnishment as to Bank of America, Phoenix, Arizona, Wells Fargo Bank, Phoenix, Arizona; U.S. Bank, Scottsdale, AZ; Northern Trust Bank, Scottsdale, AZ; Closets by Design, Scottsdale, AZ; Johnson bank; First National Bank of Arizona; and Azura International. Fidelity applied for orders and took debtors' examinations. Fidelity applied for an order to inspect judgment debtors' safe deposit box. Fidelity applied for third party document subpoenas, orders to compel document production, and sanction awards.

In addition, on November 21, 2002, Fidelity recorded the judgment in Maricopa County, identification number 20021236309. Kroll Decl. ¶ 8. On February 3, 2004, Fidelity recorded the judgment in Coconino County, identification number 3247116. Id. ¶ 9.

### D.  Fidelity Files a Fraudulent Transfer and RICO Lawsuit on the Arizona Judgment.

On July 6, 2006, Fidelity filed a fraudulent transfer and RICO action on the California and Arizona judgments. Exhibit 1, Request for Judicial Notice. By this action, Fidelity contends that the Friedmans and other judgment debtors, their family trusts, businesses and associates engaged in fraudulent transfers of assets and an asset protection scheme designed to avoid paying Fidelity's judgments. RICO Action at 3. Fidelity alleges that defendants Colin Friedman, Hedy Friedman, Anita Meshkatai, Farid Meshkatai, Space Planners LLC, Azura International LLC are residents of Arizona. RICO Action at 6-7. Fidelity alleges that defendants Kramer Family Trust, Friedman Insurance Trust, Brendon Friedman Trust, Jason Friedman Trust, Elan Yosef Meshkatai and Arianna Meshkatai Trust were formed under the laws of the state of Arizona. RICO Action at 7-8. The complaint states claims for relief for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) and violations of the California Fraudulent Transfer Act, and civil conspiracy. RICO Action.

On January 12, 2007, the court in the fraudulent transfer and RICO lawsuit entered a preliminary injunction against all defendants, freezing defendants' assets and enjoining defendants from transferring assets. Exhibit 2, Request for Judicial Notice. On March 22, 2007, Fidelity recorded the preliminary injunction in Maricopa County, Arizona, number 2007-0339883. Kroll Decl. ¶ 10.

### E.  In 2007, Fidelity Registers the California Judgment and Renews the Arizona Judgment.

On April 5, 2007 Fidelity filed a "Certification of Judgment for Registration in Another District (dated January 1, 2007) and Renewal of Judgment in District of

3

Arizona" along with a certified copy of the California judgment. [Docket entry 148] The 2007 Certification states that "[a]n appeal was taken from this judgment and the appeal was dismissed by order entered on May 15, 2003." The Certification was filed along with copies of the mandate of the Ninth Circuit Court of Appeals and the dismissal by the District Court.

The 2007 Certification identifies the parties, the court in which the Arizona judgment was docketed, the date and amount of Arizona judgment, and the name of the owner of the Arizona judgment. Kroll Decl. ¶ 11.

As of January 18, 2008, the total amount of the Arizona judgment, including interest was $9,681,433.55. Id. ¶ 12. Fidelity has collected $31,620, or 0.3% of the amount due:

| Date | Amount | Source |
| --- | --- | --- |
| 2003 | Two sets silver-like coins | Friedmans |
| 2003 | Two silver like coins, 1986 | Friedmans |
| 3/01/04 | $3,170 | Johnson Bank |
| 10/14/03 | $3,775 | Morgan Stanley |
| 10/14/03` | $172 | Morgan Stanley |
| 4/30/06 | $200 | Sale of cuff links |
| 2/20/07 | $7,653 | Executive Legal |
| 3/06/07 | $4,984 | Executive Legal |
| 4/6/07 | $3,333 | Executive Legal |
| 5/4/07 | $3,333 | Executive Legal |
| 1/14/08 | $5,000 | Executive Legal |

Id. ¶ 13. There are no set-offs or counterclaims on the Arizona judgment and there is no execution pending. Id. ¶ 14. There is $9,649,813.55 outstanding. Id. ¶ 15.

4

### III. FIDELITY'S JUDGMENT IS ENFORCEABLE IN ARIZONA.

#### A. The 2002 Arizona Judgment Was Renewed by Actions Thereon.

"A judgment may be renewed by action thereon at any time within five years after the date of judgment." A.S. 12-1611.  An action on the judgment renews the judgment. Hall v. World Savings and Loan Ass'n, 189 Ariz. 495, 502 (App. 1997) (a lawsuit on the judgment renews the judgment); Order by the Honorable Robert C. Broomfield, dated July 26, 2005, in Gagan v. Sharer, CIV 99-1427 PHX RCB at p. 6 ("[A]ny action upon a judgment that gives notice to the judgment debtor, and other interested parties, of the identify of the judgment, and is within 5 years of the date the judgment was entered, may effectuate a renewal of the judgment.").  Exhibit 4, Request for Judicial Notice.

The Court's holding in Gagan comports with the policy and language of the renewal statute.  One purpose of the renewal statutes is to give notice to the judgment debtor and other interested parties of the identity of the judgment to be renewed. Weltch v. O'Brien, 25 Ariz. 50, 53 (App. 1975).  Such notice is likely achieved equally by the filing of an application to enforce the judgment as the filing of a lawsuit.  Gagan's holding also comports with the broad language of the statute. Black's Law Dictionary defines an "action" as "conduct, behavior, something done, the condition of acting, an act or series of acts." According to Black's when "action" refers to a suit brought in court, "[i]t includes all the formal proceedings in a court of justice upon demand of a right made by one person of another in such court, including ad adjudication upon the right and its enforcement or denial by the court." The legislature's choice of the general word "action", without restriction, confirms that renewal is not limited to the filing or lawsuits, but includes all proceedings to enforce the judgment.

Here, Fidelity took multiple actions here to enforce the Arizona judgment, filed a new lawsuit thereon, and recorded a preliminary injunction freezing and enjoining the Friedmans' and other judgment debtors' assets. Fidelity respectfully submits these actions renewed the Arizona judgment.

**B.    In 2007 Fidelity Re-Registered the California Judgment.**

On April 5, 2007, Fidelity filed a Certification of the California judgment in Arizona, certifying that the California judgment was finally determined after appeal. As shown below, this timely registration entered an Arizona judgment.

A cause of action to enforce a foreign judgment in Arizona accrues when the judgment is a final determination under the local law of the state entering the judgment. Restatement (Second) of Conflict of Laws §107; Jones v. Roach, 118 Ariz. 146, 149 (App. 1977). A holder of a foreign judgment must enforce its judgment in Arizona within four years from the time the cause of action accrues. A.R.S. §12-544; Citibank v. Phifer, 181 Ariz. 5, 6-7 (App. 1994).

In Day v. Wiswall, 11 Ariz. 306, 313 (App. 1970), Division Two of the Arizona Court of Appeals held that the cause of action accrues after final determination on appeal or after the time to appeal has passed. The Day court held that a California judgment was not final until its final determination on appeal or after the time to appeal had passed. See, e.g.:

> An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied.

California Code of Civil Procedure §1049. The Day court held that a cause of action to enforce a California judgment in Arizona accrues under A.R.S. § 12-544,

subsection 3, only after final determination on appeal or after the time to appeal has passed. Day at 313; see also Turner v. Donovan, 52 Cal. App. 2d 236, 238 (1942).

Accordingly, under the holding of Day, on April 5, 2007, Fidelity filed a Certification of the California judgment, as final after determination on appeal, and entered an Arizona judgment. The 2007 registration was timely because it was on a date within four years of the date the defendants' appeal was dismissed and the California judgment became final.

Four months later, on August 21, 2007, Division One of the Arizona Appellate Court, Grynberg v. Shaffer, 165 P. 3d 234 (Ariz. App. 2007), purported to overrule Day and held that a cause of action to enforce foreign judgments accrues much earlier -- when the judgment is issued by the trial court and is enforceable in the issuing jurisdiction. Id. at 238. The court did not, however, consider a California judgment, or explain how its new rule could be reconciled with California law to the contrary.

Under Grynberg, Fidelity's 2007 registration would no longer be timely. Grynberg pushed back the accrual date of a cause of action to enforce a California judgment in Arizona from the date a judgment was finally determined on appeal to the date the trial court entered the judgment. Here,  the California judgment was entered on July 12, 2002, and the appeal was dismissed ten months later, on May 15, 2003. Accordingly, under Grynberg, the cause of action to enforce the California judgment would have expired on July 11, 2006 – almost a year before Grynberg was decided.

In interpreting Arizona law, this Court looks to decisions of the Arizona Supreme Court. John v. Fankell, 520 U.S. 911, 916 (1997). Absent decision by the Supreme Court, and when state intermediate appellate courts conflict, this Court will examine the underlying reasoning underlying the conflicting decisions in order to

predict which view the Arizona Supreme Court would adopt. McQuirk v. Donnelly, 189 F.3d 793, 797 (9th Cir. 1999). Fidelity respectfully submits that the reasoning of the Day court is persuasive, and the cause of action to enforce a California judgment in Arizona accrues only after its final determination after appeal. As the Day court correctly noted, under California law, a judgment is not final and a cause of action to enforce the judgment does not accrue until after its final determination on appeal, or the time to appeal has passed. Turner v. Donovan, 52 Cal. App. 2d 236, 238 (1942).

Moreover, Fidelity respectfully submits that the Arizona Supreme Court would decline to apply the new rule of Grynberg retroactively to bar Fidelity's registration of its California judgment. Because retroactive application would unconstitutionally deprive Fidelity of its right to enforce its California judgment in Arizona, the Arizona Supreme Court would be unwilling to do so. Law v. Superior Court, 157 Ariz. 147, 161 (1988) (a decision will not be applied retroactively where it will produce substantial inequitable results).

Accordingly, Fidelity respectfully submits that the 2007 Certification timely registered the California judgment and entered an Arizona judgment.

C.      **In 2007 Fidelity Renewed the Arizona Judgment.**

A judgment creditor "may within ninety days preceding the expiration of the five years from the date of entry of such judgment, make and file an affidavit, known as a renewal affidavit, entitled as in the action." A.R.S. §12-1662. Additional and successive affidavits to be made within ninety days of the expiration of five years from the date of the filing of a prior renewal affidavit. A.R.S. §12-1612(E). "[T]he filing of an affidavit of renewal is simply a ministerial action intended in part to alert interested parties to the existence of the judgment." Smith v. Smith, 209 Ariz. 343, 345 (2004).

8

Fidelity respectfully submits that its 2007 Certification renewed the Arizona judgment. The 2007 renewal alerted interested parties to the existence of the Arizona judgment. The 2007 renewal identifies the parties, the court in which the judgment was docketed, the date and amount of judgment, and the owner of the judgment. The Friedmans do not dispute that they had notice of the 2007 renewal, nor do they contend that any other person lacked notice of the existence of the judgment.

Nor do the technical "deficiencies" alleged by the Friedmans "doom" the validity of the renewal. Ariz. R. Civ. P. 60(a) provides that clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders. Federal Rule 60(a) permits relief from clerical errors of the court, clerk, jury, or party.

Technical errors in renewals may be corrected so long as they are not misleading. J.C. Penny v. Lane, 197 Ariz. 113, 119 (App. 1999) ("errors in the affidavits filed may not be considered fatal if they are not misleading"); Triple E Produce Corp. v. Valencia, 170 Ariz. 375, 378 (App. 1991) (interested parties or the court may correct the amount outstanding on the judgment); Davis v. Davis, 323 B.R. 745 751 (Ariz. 2005) (court may correct renewal affidavit); Crye v. Edwards, 873 P.2d 665, 667 (Ariz. App. 1993) (affirming trial court's relief of error on judgment renewal).

Fidelity respectfully submits that none of the alleged technical "deficiencies" of the 2007 renewal are misleading, and, if they exist, are all correctable. Although the Friedmans complain that Fidelity filed the renewal too early, within 90 days of the expiration of the 2002 Arizona judgment, on August 24, 2007, Fidelity took the debtor examination of Anita Meshkatai. [Docket Entry 159] This debtor examination gave

notice of the Arizona judgment and its renewal.  Under these circumstances, Fidelity respectfully submits that "little additional burden is imposed by requiring an interested party to conduct a full search of state records to determine whether a renewal affidavit has been filed."  <u>Smith v. Smith</u>, 209 Ariz. 343, 346 (2004) (expanding time to file renewal affidavit).  Nor do the Friedmans explain why other alleged "deficiencies" were misleading:  There were no set-offs, counterclaims, or execution outstanding on the judgment to identify.  The amount collected was <u>de minimis.</u>

Accordingly, Fidelity respectfully submits that the 2002 Arizona judgment was properly renewed by the 2007 renewal, or, should the Court disagree, by amendment to the renewal.

**DATED** this 25th day of January 2008

                          Respectfully submitted,

                          **HENNELLY & GROSSFELD LLP**

By: _/s/ Janice M. Kroll_
JANICE M. KROLL
Attorneys for FIDELITY NATIONAL FINANCIAL INC., AND FIDELITY EXPRESS NETWORK, INC.

# CERTIFICATE OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 4640 Admiralty Way, Suite 850, Marina del Rey, California, 90292.

On January 25, 2008, I served the following document(s):

**MOTION REQUIRING DEFENDANT/JUDGMENT DEBTOR COLIN H. FRIEDMAN TO APPEAR FOR EXAMINATION AND TO PRODUCE DOCUMENTS**

on the interested parties in this action as indicated below or on the attached service list, together with a copy of this declaration, as follows:

| | |
|---|---|
| Michael R. Walker<br>Mark C. Hudson<br>Schian Walker, P.L.C.<br>3550 N. Central Ave., #1700<br>Phoenix, AZ  85012-2115<br>Tel:  (602) 277-1501<br>Fax:  (602) 297- 9633<br>Email:  ecfdocket@swazlaw.com | **Attorneys for Defendants and Judgment Debtors Colin H. Friedman, and Hedy Kramer Friedman** |

(X)  (By Overnight Delivery)  I deposited in a box or other facility regularly maintained by FedEx or Overnite Express, an express service carrier, or delivered to a courier or driver authorized by said express carrier to receive documents, a copy of the above named document(s).

(X)  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that foregoing is true and correct.

Executed on January 25, 2008, at Marina del Rey, California.

CYNTHIA FALL

11

**Cindy Fall**

| | |
|---|---|
| **From:** | Cindy Fall [cfall@hgla.com] |
| **Sent:** | Friday, January 25, 2008 4:15 PM |
| **To:** | 'ecfdocket@swazlaw.com' |
| **Subject:** | Fidelity National Financial, Inc. et al. v. Colin H. Friedman, et al.; U.S.District Court, District of Arizona; Case No.: 03-1222 PHX RCB |
| **Attachments:** | Decl J Kroll-Opp Mtn Vacate Cert Reg Jdmt.pdf¤¤; Opp to Mtn to Vacate Cert Reg Jdmt.pdf ¤¤; Exh 1-Req Judicial Ntc.pdf¤¤; Request for Judicial Notice.pdf¤¤ |

**PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT
ATTORNEY CLIENT COMMUNICATION**

Dear Messrs. Walker and Hudson:

This is part one of a two-part email:

Attached please find your email service copies of the following documents:

1. Opposition To Judgment Debtors Colin And Hedy Friedmans' Motion To Vacate Fidelity's Certification Of Registration Of Judgment In Another District (Dated January 1, 2007) And Renewal Of Judgment In District Of Arizona;
2. Declaration Of Janice M. Kroll Filed In Support Of Fidelity's Oppostion To Colin And Hedy Friedmans' Motion To Vacate Fidelity's Certification Of Registration Of Judgment In Another District (Dated January 1, 2007); And Renewal Of Judgment In The District Of Arizona; and
3. Request For Judicial Notice; with
4. Exhibits 1-4.

Sincerely

Cindy Fall
Assistant to Orlando F. Cabanday and Janice M. Kroll
HENNELLY & GROSSFELD LLP
4640 Admiralty Way, Suite 850
Marina del Rey, CA 90292
Tel: (310) 305-2100
Fax: (310) 305-2116

---

**Confidentiality Notice**

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

**Cindy Fall**

| | |
|---|---|
| **From:** | Cindy Fall [cfall@hgla.com] |
| **Sent:** | Friday, January 25, 2008 4:16 PM |
| **To:** | 'ecfdocket@swazlaw.com' |
| **Subject:** | Fidelity National Financial, Inc. et al. v. Colin H. Friedman, et al.; U.S.District Court, District of Arizona; Case No.: 03-1222 PHX RCB |
| **Attachments:** | Exh 4-Req Judicial Ntc.pdf¤¤; Exh 3-Req Judicial Ntc.pdf¤¤; Exh 2-Req Judicial Ntc.pdf¤¤ |

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY WORK PRODUCT**
**ATTORNEY CLIENT COMMUNICATION**

Dear Messrs. Walker and Hudson:

This is part two of a two-part email:

Attached please find your email service copies of the following documents:

1. Opposition To Judgment Debtors Colin And Hedy Friedmans' Motion To Vacate Fidelity's Certification Of Registration Of Judgment In Another District (Dated January 1, 2007) And Renewal Of Judgment In District Of Arizona;
2. Declaration Of Janice M. Kroll Filed In Support Of Fidelity's Opposition To Colin And Hedy Friedmans' Motion To Vacate Fidelity's Certification Of Registration Of Judgment In Another District (Dated January 1, 2007); And Renewal Of Judgment In The District Of Arizona; and
3. Request For Judicial Notice; with
4. Exhibits 1-4.

Sincerely

Cindy Fall
Assistant to Orlando F. Cabanday and Janice M. Kroll
HENNELLY & GROSSFELD LLP
4640 Admiralty Way, Suite 850
Marina del Rey, CA 90292
Tel: (310) 305-2100
Fax: (310) 305-2116

**Confidentiality Notice**

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.
and delete all copies of the message.

1