# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fidelity National Financial, Inc., | No. CIV 03-1222-PHX-RCB |
| Plaintiff, | |
| vs. | **REPORT & RECOMMENDATION** |
| Colin H. Friedman, et al., | **– AND –** |
| Defendants. | **ORDERS** |

TO THE HON. ROBERT C. BROOMFIELD, SENIOR U.S. DISTRICT JUDGE:

This Report and Recommendation addresses judgment debtors' "Motion to Quash, Vacate and/or Strike Fidelity's Certification of Judgment for Registration in Another District (dated January 1, 2007) and Renewal of Judgment in District of Arizona" (Doc. #171) as well as a number of motions related to judgment creditors' efforts to collect on their judgment. Judge Broomfield referred the Motion to Quash to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (Doc. #175) and the other matters were previously referred by Judge Broomfield's May 27, 2004 Order (Doc. #73).

This action originated November 14, 2002, upon the registration of a California certificate of judgment. The matter was originally assigned a miscellaneous number and it was transferred to the civil docket and given the above-captioned civil number on April 7, 2003. Since the time of the original filing of the California certificate of judgment, the judgment creditors have taken a number of actions in the District of Arizona under the auspices of this case to attempt to identify assets and collect on their California judgment. As evidenced by the

Docket in this case, these actions include subpoenas which were directed to relatives of the judgment debtors served on or about March 2003, three writs of garnishment in 2003, judgment debtor examinations in 2003, a motion for the opening of a safe-deposit box in 2004, other writs of garnishment in 2004, motion practice regarding the filing applications for additional writs or garnishment in late 2004, additional debtor exams in 2006, motion practice over compliance with a third-party subpoena in 2006, additional debtor exams in 2007 and motions regarding a debtor's compliance with the same. The fact that the docket number of the referred motion is number 171 is evidence enough of the extensive activity in this case.

In the motion presently before the Court judgment debtors contend that the certification of the California judgment which initiated the above-referenced cause has expired and that therefore further collection efforts pursuant to it are unauthorized. The California judgment, dated July 12, 2002, was originally entered on the docket in this case on November 14, 2002. Judgment creditors then had five years from "the date of the entry of the judgment" during which time they may seek execution or other process on this judgment. A.R.S. § 12-1551(B). Judgment debtors' Motion to Quash asserts that this judgment expired on November 14, 2007.

Judgment creditors make three arguments in response to judgment debtors' contention that the Judgment has expired:

    1) Fidelity's Arizona judgment was renewed by action on the judgment;

    2) Fidelity's California judgment was timely registered in Arizona in 2007; and

    3) Fidelity's 2007 renewal properly renewed the Arizona judgment.

Because the Court believes judgment creditors renewed their judgment by action, the Court finds no need to address judgment creditors' last two arguments.

Arizona law provides that "[a] judgment may be renewed by action thereon at any time within five years after the date of the judgment." A.R.S. § 12-1611. Judgment creditors contend that two sets of action satisfy this requirement and have thus accomplished renewal of the judgment. First, judgment creditors contend that the actions taken in this case to collect on their judgment constitute "action thereon". Second, they contend that the filing of a new action

1  in California in furtherance of their collection efforts on the original 2002 judgment also
2  constitute action renewing the judgment. Judgment debtors respond that § 12-1611 must be
3  construed to refer to "an action" and that this term has a special meaning in this context which
4  means a separate civil action based on the judgment and not the actions taken in this case which
5  are actions taken to collect on the judgment. No Arizona authority dictates judgment debtors'
6  interpretation. A District Judge of this District has previously addressed this particular issue,
7  however. The Court directed the parties to Judge Broomfield's Order in another case in which
8  the Court ruled "that any action upon a judgment that gives notice to the judgment debtor, and
9  other interested parties, of the identity of the judgment and is within five years of the date the
10 judgment was entered, may effectuate a renewal of the judgment." *Gagan v. Sharer*, CIV 99-
11 1427-PHX-RCB, July 26, 2005 Order at p. 6. The plain meaning of the words in the statute
12 support this contention. If the language of a statute is clear and unambiguous the Court need
13 look no further for its meaning. *State v. Huskie*, 202 Ariz. 283, 285, 44 P.3d 161, 163 (App.
14 2002).

15     No policy argument compels a contrary construction. Indeed the parties seem to agree
16 that the purpose of the five-year limitation period as extended by proper renewals is to allow
17 for finality and to provide for notice to judgment debtors of continued collection efforts. The
18 collection actions taken in this case amply demonstrate vital and ongoing efforts to collect on
19 a judgment and there certainly is no question that through this action the judgment debtors,
20 parties who have appeared through counsel and actively litigated issues in this case, have been
21 well informed about the status of the collection efforts.

22     Judgment creditors' second argument, that their 2006 California action constitutes an
23 action renewing the judgment, is also well taken. At oral argument counsel for the judgment
24 debtors contended that the 2006 California action does not qualify as an action renewing the
25 Arizona judgment because it is not a suit based on the 2002 judgment. The Complaint in the
26 2006 action demonstrates that it is an action based on and in furtherance of the judgment
27 creditors' collection efforts. The Complaint's "Introduction" alleges:

28

- 3 -

> Plaintiffs hold an over $13.5 million fraud judgment ("Judgment") entered by this Court in June 2002 against defendants Colin and Hedy Freidman [sic] ("Friedmans") and Farid and Anita Kramer Meshkatai ("Meshkatais"). This action targets a criminal enterprise created by defendants to place the personal assets of the Friedmans and Meshkatais beyond the reach of plaintiffs' Judgment (the "asset Protection Scheme.") [sic] As part of the scheme, defendants executed a series of transfers to remove income and assets, including millions held in brokerage accounts, from the Friedmans and Meshkatais and place such income and assets under the nominal control of family trusts and other business associates that were, in turn, controlled by the Friedmans and Meshkatais. Once out of the Friedmans and Meshkatais' direct control, the income and assets were invested in entities owned and controlled by or placed in trusts for the benefit of the Friedmans and Meshkatais for the sole purpose of defrauding plaintiffs.

(Complaint at p. 4). The 2006 California Complaint alleges California civil RICO, fraudulent conveyance, and civil conspiracy causes of action against the judgment debtors in the above-captioned case as well as other defendants. There can be little doubt that the 2006 action is based on an effort to collect on the 2002 judgment. Moreover, this Court has previously recognized that the 2006 action was based on the 2002 judgment. *See* February 2, 2007 Order ("On July 6, 2006, Plaintiffs filed another action against the judgment debtors in the United States District Court for the Central District of California, alleging RICO violations and fraudulent conveyances <u>in connection with their evasion of the underlying judgment</u>." Order at p. 2 (emphasis added)). The only other argument raised against construing the California 2006 action as an action renewing the judgment was that it was a California action. Judgment debtors advanced no valid argument as to why this should matter especially given the circumstance that this District of Arizona case is itself predicated on a California judgment.

With regard to other motions in this matter, pending is judgment debtors' "Motion to Strike Fidelity's 'Surreply'" (Doc. # 185). In light of the basis of the Court's Recommendation, judgment debtor's Motion to Strike will be denied as moot.

Each party has requested that the Court take judicial notice of other court records. In each of these matters the records are presented for the fact of the existence of these records and not the truth of the matters contained therein. For this purpose, and pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of these matters. With respect to Judge

Broomfield's Order in *Gagan v. Sharer*, it was the Court that directed the parties to this Order for the purpose of focusing argument in this case. Judicial notice of this matter is unnecessary.

Finally, during oral argument, counsel for the judgment debtors requested that the Court certify to the Arizona Supreme Court the question of the meaning of the word "action" in A.R.S. § 12-1611. Because the Court concludes that the Motion to Quash may be denied on the alternative ground that the California 2006 action constitutes an action renewing the judgment, certification would not affect the disposition of this matter, and the Court will decline to certify the question. The Court is mindful that Arizona has granted jurisdiction to its courts to accept certification from federal courts only as to those questions "which may be determinative of the cause then pending in the certifying court." A.R.S. § 12-1861.

Accordingly, IT IS RECOMMENDED that the District Judge DENY Judgment Debtors' "Motion to Quash, Vacate and/or Strike Fidelity's Certification of Judgment for Registration in Another District (dated January 1, 2007) and Renewal of Judgment in District of Arizona" (Doc. #171).

IT IS ORDERED DENYING judgment debtors' "Motion to Strike Fidelity's 'Surreply'" (Doc. #185) as MOOT.

IT IS ORDERED GRANTING IN PART AND DENYING IN PART judgment creditors' request for judicial notice (Doc. #181). The Court has taken judicial notice of Exhibits 1 and 2 and finds that judicial notice of Exhibits 3 and 4 is unnecessary.

IT IS ORDERED GRANTING judgment debtors' Cross Request for Judicial Notice. (Doc. #182).

IT IS ORDERED DENYING judgment debtors' oral motion requesting certification of a question to the Arizona Supreme Court.

DATED this 28th day of March, 2008.

_____
David K. Duncan
United States Magistrate Judge