1

**SCHIAN WALKER, P.L.C**.
3550 NORTH CENTRAL AVENUE, #1700
2
PHOENIX, ARIZONA 85012-2115
TELEPHONE: (602) 277-1501
3
FACSIMILE: (602) 297-9633
E-MAIL:  ecfdocket@swazlaw.com
4
MICHAEL R. WALKER, #003484
MARK C. HUDSON, #020500
5
Attorneys for Defendants

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF ARIZONA**

8
FIDELITY NATIONAL FINANCIAL, INC., *et          No. CV03-1222-PHX-RCB
al.,*
9
                                  Plaintiffs,   **OBJECTIONS TO REPORT &**
                                                **RECOMMENDATION**
10      vs.                                      **– AND –**
                                                **ORDERS**
11      COLIN H. FRIEDMAN, *et al.*,

12                                 Defendants.

13              Defendants **Friedmans**[1] respectfully submit their objections to the *Report &*

14      *Recommendation – and – Orders* filed in these proceedings on March 31, 2008 (the

15      "**Recommendations**") [DE 187].  For these reasons set forth herein, the Friedmans request that

16      a final order not be entered as set forth in the Recommendations and, after the Court completes

17      its *de novo* review of the Recommendations, that it enter an order declaring the Arizona

18      Judgment to be expired and unenforceable.  In the alternative, the Friedmans request that the

19      Court certify questions of law to the Arizona Supreme Court.

20                                   **OBJECTIONS**

21      **A.      The Recommendations Erred in Concluding That Collection Activity Undertaken in
                 Aid of Collection of the Arizona Judgment Served to Renew That Judgment.**

22

23              The Recommendations expressly reject the Friedmans' position that the word

24      "action" in A.R.S. §12-1611 requires a separate civil action (rather than collection *activity*),

25

26      [1] Terms that are capitalized and in bold have the same meaning as used in the papers previously
        filed in these proceedings.

finding that "no Arizona authority dictates judgment debtors' interpretation."  Recommendations at 3:2-6.  The reality is that it is the converse that is true – there appears to be no published decisions in the Appellate Courts of Arizona or any other State where a creditor has taken the position, or a court ruled, that "collection activity" constituted sufficient action to renew a judgment.  It is Fidelity that lacks authority for the unique interpretation that an action to renew a judgment may be based solely on collection activity.

In stating that no Arizona authority supports the Friedmans' position, the Recommendations ignore the *Friedmans' Reply to Opposition to Friedmans' Motion to Strike* (the "**Reply**"), which provided some 3½ pages of authority from both Arizona and elsewhere that established what constitutes an action to renew a judgment[2] [DE 183 at 1:10-5:1].  The Recommendations apparently rejected the authority cited by the Friedmans and instead based its contrary recommendation solely upon an unpublished 2005 decision entered in another Arizona District Court case, *Gagan v. Sharer,* CIV 99-1427.[3]

The Friedmans have no knowledge of important matters such as the facts of the *Gagan* case; *e.g.*, the substance of the briefing that was done by the parties, why the parties did not appeal this unpublished ruling (*i.e.*, whether it effected the eventual outcome of the dispute between the parties), or why the Court chose not to publish its decision.  The text of the *Gagan* decision suggests that there were either unique circumstances or that the parties failed to properly brief the issue, which may have resulted in a decision that appears on its face to be contrary to Arizona law.   Regardless of these considerations, the *Gagan* decision is not binding precedent on the parties in this case, who were not parties in that case.

Nonetheless, that decision is the only authority cited by Fidelity or in the Recommendations for the recommended ruling that *activity* to collect constitutes action on a judgment.  In light of the extensive body of statutory and decisional law cited by the Friedmans,

---
[2] That section is repeated in the attached Appendix.
[3] The Court, not Fidelity, brought up this unpublished decision.

from both Arizona and other states, the Recommendations on this issue is incorrect and a reliance solely on the unpublished decision in *Gagan* is an inadequate basis for that recommendation.

Likewise, the Recommendations apparently ignore the policy argument asserted by the Friedmans[4] – that the factual inquiry required to determine if, and when, a judgment is renewed by *activity* creates an unnecessary and unintended burden on the Arizona courts.  Here, the Recommendations include a finding of "vital and ongoing efforts to collect on a judgment."  The questions raised by such a finding are patent.  Must the *activity* be vital and ongoing?  How vital, how ongoing or recent must they be?  Do they need to be local? (Are both in-state and out-of-state activities sufficient?)

The Recommendations also ignore another purpose of clarity regarding judgment renewal – notice to third parties (*e.g.*, other creditors; prospective lenders, in particular lenders seeking to use real property to secure loans; prospective business partners; and even co-judgment debtors.)  Thus, there are more questions for the finder of fact required by the renewal by *activity* theory – who should have received notice? Did they receive notice?  What is the result if they did not receive notice?  While the Recommendations apparently rejected these policy arguments, it is entirely inaccurate to state that they do not exist.

The Friedmans respectfully request that the Court reject this recommendation and rule that the Arizona Judgment was <u>not</u> renewed by *activity* engaged solely in efforts to satisfy the Arizona Judgment.  Following the recommendation would essentially abrogate the Arizona judgment renewal statute.

///

///

///

---

[4] "No policy argument compels a contrary construction."  Recommendations at 3:15.

**B.    The Recommendations Erred in Concluding that the Initiation of the 2006 California Action Served to Renew the Arizona Judgment.**

Alternatively, the Recommendations include a recommendation that the 2006 California Action renewed the Arizona Judgment.    The issue here is not whether this is "an action" – clearly it is.  The issue is whether it is an action "on the judgment," which it is not.

A renewal action simply renews the uncollected damages from the original judgment.  The 2006 California Action fails to satisfy the elements of an action on a judgment. It is an entirely new and separate action that seeks damages different from those in the Arizona Judgment (and its progenitor, the California Judgment).  The new California lawsuit

- includes defendant parties who were <u>never</u> parties in the action resulting in the original California Judgment (or Arizona Judgment);

- sets forth causes of action that were <u>not</u> those that formed the basis for the California or Arizona Judgment;

- does <u>not</u> include a cause of action on the Arizona Judgment (or even the California Judgment from which it arose); and

- is an action that expressly seeks a new and separate judgment, new and separate damages, against different persons, based upon different causes of action and alleged conduct.

This recommendation ignores the course and context of the proceedings between the parties and even the language of the pleadings.  The 2002 California Judgment was entered first.  It was made enforceable in Arizona as a result of the 2002 Registration.  The 2006 California Action was brought, in California, to obtain a separate judgment against both the judgment debtors and the other parties on entirely separate causes of action.

The elements of a cause of action on a judgment include the existence of a judgment and the absence of satisfaction.    *See* Reply [DE 183 at 2:24-25].  The 38-page complaint in the 2006 California Action, however, does not include these elements.    That

Complaint mentions allegations in just two paragraphs (¶¶ 58 and 61) that relate to the Arizona Judgment in any way, but these are only elliptical references to it as an a "companion enforcement case" in which garnishment orders were obtained.  The complaint in the 2006 California Action does not identify

- the Arizona Judgment (it does repeatedly mention the California Judgment but the issue is renewal of the Arizona Judgment, not the California Judgment);
- the case number of the Arizona Judgment;
- the date of entry of the Arizona Judgment; or
- the Court that entered (registered) the Arizona Judgment.

Indeed, even the Recommendations implicitly acknowledge the deficiencies and confusion created by Fidelity's argument, when it refers to the "2002 Judgment" as the California Judgment rather than the Arizona Judgment.  Recommendations at 4:8-16.  Yet, the Recommendations conclude that the *purpose* of the California Action was to renew the Arizona Judgment.[5]  There is no basis for this conclusion.  The 2006 California Action would have been a complex and convoluted way of accomplishing that simple task – if that were what was occurring.  However, it was not; the express purpose was to obtain a completely new and distinct judgment.  Fidelity's convoluted argument must be rejected.

The incorrectness of the Recommendations on this issue is also demonstrated by its internal inconsistency.  Initially, the Recommendations reject the Friedmans' interpretation that "action" necessarily includes the preposition "an" – thus rejecting the argument that "action

---

[5] Indeed, this defective argument provides considerable grist for the factual inquiry that would be required when a second out-of-state lawsuit (or even an in-state lawsuit for that matter) is filed that does not plead the elements of cause of action on a judgment but instead asserts other causes of action.  Just one example illustrates the problems.  What result would follow in a case exactly like this one except that the defendants in the new lawsuit do not include all of the judgment debtors?  Would Fidelity's theory permit judgment renewal to occur against all of the judgment debtors – or just some of them?

on" requires "an action on" a judgment, clearing the way for a recommendation that mere *activity* to collect a judgment renews that judgment. Subsequently, it not only reverses course and includes the preposition "an" but adds a verb "based" to conclude that the separate 2006 Action renewed the Arizona Judgment because it was "an action based on" the 2002 Judgment (apparently intending the California Judgment rather than the Arizona Judgment).

The 2006 California Action did not renew the Arizona Judgment nor was that Fidelity's intent (if it were, why did Fidelity file the 2007 Certification several months later). The Friedmans respectfully request that the Court reject this recommendation and rule that the Arizona Judgment was not renewed by the 2006 Action.

**C.    Despite the Absence of a Recommendations on the Issue, the Court Should Make a Ruling Regarding Whether Fidelity's 2007 Certification Timely Registered (or "Reregistered") the 2002 California Judgment in Arizona in 2007.**

Fidelity proposed three bases for its position that the Arizona Judgment was renewed and did not expire in November 2007. As discussed above, the Recommendations state that one of those bases (renewal by action) was adequate and expressly eschewed a proposed ruling as to whether either of the other two alleged bases for judgment renewal was satisfied.[6] Therefore there is no recommendation regarding whether the 2002 California Judgment was timely registered (or "reregistered") in Arizona in 2007.

The absence of a ruling on this issue means that the Court of Appeals will not have a complete record upon which to determine if the Arizona Judgment is expired or renewed if it concludes that the Judgment was not renewed by action. Such a result will create needless judicial inefficiency and could result in a worst-case scenario of two appeals on the issue of whether the judgment was renewed. Accordingly, the Friedmans request that, despite the absence of a recommendation on this issue, the Court, as part of its *de novo* review, decide this issue and include in the order it enters on this matter a ruling regarding whether the 2007

---

[6] "Because the Court believes judgment creditors renewed their judgment by action, the Court finds no need to address judgment creditors' last two arguments." Recommendations at 2:21-22.

Certification timely registered (or "reregistered") the California Judgment, as argued by Fidelity. For the reasons previously set forth by the Friedmans, that ruling should be that the Certification was not a timely registration or "reregistration."[7]

**D.     Despite the Absence of a Recommendation on the Issue, the Court Should Make a Ruling Regarding Whether Fidelity's 2007 Certification Properly Renewed the Arizona Judgment in 2007.**

The Recommendations also does not include a recommendation on the issue of whether the Certification properly renewed the Arizona Judgment.   For the reasons set forth in the preceding section, the Friedmans also request that the Court, as part of its *de novo* review, decide this issue and include in the order it enters on this matter a ruling regarding whether the 2007 Certification properly renewed the Arizona Judgment.  For the reasons previously set forth by the Friedmans, that ruling should be that the Certification was not an effective renewal by affidavit.

**E.     The Court Should Certify Questions to the Arizona Supreme Court.**

Before the Court ventures into uncharted waters and changes Arizona law, it should consult the Arizona Supreme Court for its interpretation of the meaning of "action" as that word is used in A.R.S. §12-1611.  The Court appears to be taking a "facts of the case" approach to resolving this issue.  Such a result would have a deleterious effect on the judicial efficiency of the Arizona courts, potentially bring to life numerous expired judgments, and essentially eliminate the need to follow the statutory renewal procedure.  Renewal of judgments is supposed to be a simple, understandable process, not a process involving extensive fact finding.  If the Court is inclined to follow the Recommendations, the Friedmans request that

---

[7] It is not possible to know what recommendation would have made on this issue (or the issue of renewal by affidavit), and it is unnecessary to speculate.  However, it seems likely that the Recommendations would have included a recommendation on both issues – if the Recommendations supported the conclusion that the Arizona Judgment was renewed (by action).  Instead, the Magistrate Judge apparently chose to avoid any confusion by eschewing a recommended ruling that an Arizona Judgment was not registered (or reregistered) and not renewed as a result of the 2007 Certification.

before creating this imposing burden for parties and the Arizona courts, this Court refer the issue to the Arizona Supreme Court.  A.R.S. § 17A-27 (Rules of the Supreme. Ct. of Arizona).

At the same time, the Friedmans request that this Court ask two other questions. First, must a renewal *affidavit* be filed to renew a judgment pursuant to A.R.S. §12-1612? Second, can a judgment be renewed by action thereon by the filing of a second action, in another state, that does not identify the Arizona Judgment and includes causes of action that are other than an action on the judgment and includes new defendants?  Therefore, the Friedmans request that the Court certify the following questions to the Arizona Supreme Court:

- Pursuant to A.R.S. § 12-1612, does an action to renew a judgment in Arizona require the filing of a separate action (lawsuit) or does collection activity undertaken to satisfy the judgment suffice as action on the judgment.

- Pursuant to A.R.S. § 12-1612, does a separate lawsuit filed in another state serve to renew an Arizona judgment, when that foreign action does not expressly plead the existence or identify that Arizona judgment or state a cause of action to renew the Arizona judgment, and includes only causes of action and damages that are new and distinct from the action giving rise to the Arizona judgment.

- Pursuant to A.R.S. § 12-1612, does the renewal of an Arizona judgment by affidavit require an actual affidavit (or other sworn-to assertion of facts) and, if so, must the affidavit (or similar sworn-to document) provide all of the information set forth in that statute.

- Pursuant to A.R.S. § 12-1612, does the renewal of an Arizona judgment by affidavit permit the filing of the renewal affidavit prior to the 90-day period before expiration as set forth in the statute and, if an earlier filing permitted,

1   how long before that 90-day period is filing permitted for renewal to be
2   effective.

3   **F.   Conclusion.**

4   Judgment renewal in Arizona is a simple statutory procedure.  A judgment creditor
5   either files an appropriate renewal affidavit or files a lawsuit in Arizona on the judgment.
6   Whether or not a creditor followed the procedure is a legal question, not an equitable one.  The
7   fact that Fidelity has a sizeable Arizona Judgment against the Friedmans and has aggressively
8   attempted to satisfy it is not relevant.  What is relevant is that Fidelity failed to renew the
9   Arizona Judgment.

10   It may be harsh, but Fidelity no longer has an enforceable judgment in Arizona.
11   This is neither uncommon nor unfair.  For example, Arizona municipalities have very short
12   claim statutes (most are 6 months).  If a claimant fails to file the notice of claim within 6 months
13   or fails to follow the statutory procedure for so doing he is barred from pursuing his claim or
14   filing a lawsuit against the municipality, even if the statute of limitations for bringing a lawsuit
15   still has another 1½ years before it runs.  Whether or not this is inequitable, it is the result.  So
16   too is the result for Fidelity owing to its failure to renew the Arizona Judgment.

17   However, Fidelity is not without remedies.  It may still attempt to enforce the 2002
18   California Judgment (which has not yet expired) in California.  In addition, because the 2006
19   California Action alleges different causes of action and damages, Fidelity may certainly
20   continue to pursue that litigation.  However, Fidelity must stop its collection efforts in Arizona
21   on the expired Arizona Judgment.

22   For the reasons stated herein, the Friedmans respectfully object to the
23   Recommendations and request that the Court instead enter an order declaring the Arizona
24   Judgment expired and unenforceable.

25   ///

26   ///

1      DATED this  10th  day of April, 2008.

2                                         SCHIAN WALKER, P.L.C.

3

4                                         By /s/  MARK C. HUDSON, #020500
                                             Michael R. Walker
5                                            Mark C. Hudson
                                             Attorneys for Defendants
6

7   COPY of the foregoing hand-
    delivered this  10th  day
8   of April, 2008, to:

9   Honorable Robert C. Broomfield
    Sandra Day O'Connor Courthouse
10  401 West Washington
    Phoenix, Arizona 85003-2158
11
    and COPY e-mailed, faxed and mailed to:
12
    John J. Hennelly, Esq.
13  Orlando F. Cabanday, Esq.
    Janice M. Kroll, Esq.
14  Hennelly & Grossfeld, LLP
    4640 Admiralty Way, #850
15  Marina del Rey, California 90292
    Attorneys for Plaintiffs
16  FAX:  (310) 305-2116
    jhennelly@hgla.com
17  ocabanday@hgla.com
    jmkroll@hgla.com
18

19
     /s/   DEBBI STEPHENS
20
    Friedman\Fidelity\AZDisCtPlead\ObjReport&Recom-v.2
21

22

23

24

25

26

1

**APPENDIX**

2

**I.**    **FIDELITY DID NOT RENEW THE 2002 ARIZONA JUDGMENT BY ACTION.**

3              The Court directed the parties to address the issue of whether the Arizona

4    Judgment was "renewed by action thereon" prior to November 14, 2007, pursuant to A.R.S.

5    § 12-1611: "*A judgment may be renewed by action thereon at any time within five years after*

6    *the date of judgment.*"[8]  Resolution of this issue turns on meaning of the word "action."  The

7    statute does not define that word nor does any Arizona case apparently define it.  However, the

8    Arizona Revised Statutes ("**A.R.S.**") and Arizona Rules of Civil Procedure ("**A.R.C.P.**") contain

9    an abundance of references to the term that make it clear that "action" refers to a lawsuit, and

10    not other *activities*.  These references are buttressed by case law from Arizona and other states.

11           *A.*    <u>*The A.R.S. and A.R.C.P. Consistently and Repeatedly State That the Meaning of*</u>

12    <u>*the Word "Action" is a Lawsuit Initiated by a Complaint.*</u>

13              The A.R.S. and A.R.C.P. extensively and consistently have one critical factor in

14    common that addresses the definition of an "action":  an **action** involves a lawsuit, which is

15    initiated by the filing of a complaint.  The mere filing of a writ or a motion is not an action

16    within the meaning of any provision of the A.R.S. or A.R.C.P.  Among countless examples are

17    the following:  Arizona allows but one "form of **action**" – called a "civil **action**" which is used

18    "for all suits of a civil nature."  A.R.C.P. 1 & 2.  An **action** is "commenced by filing a *complaint*

19    with the court."  A.R.C.P. 3.  An **action** is dismissed if the complaint and a summons are not

20    served within 120 days of the filing of the complaint.  A.R.C.P. 4(i).  The complaint, answer,

21    reply to counterclaim, answer to cross-claim, third party complaint, and a third-party answer are

22    the only pleadings allowed in an **action**.  A.R.C.P. 7(a).  (Emphasis added above.)

23              A.R.S. § 12-501, *et seq,* ("Limitations of **Actions**") is a compendium of statutes

24    that limit the time period during which an **action** must be brought on a cause of action before it

25

26    [8] This provision has been a part of the Arizona statutes since 1913.  The present version is
essentially the same as its predecessor versions.

-11-

1   is time barred.   Other limitations exist elsewhere in the A.R.S.   Some examples include

2   A.R.S. §§ 12-731(B); 44-1009; 44-3241(B); and 47-411. Similarly, A.R.S. § 12-561, *et seq*,

3   provides special rules on **actions** brought against health care providers.   Indeed, the A.R.S.

4   contain many provisions that set forth who may bring an **action**, against whom it may be

5   brought, and for what purpose.  Just a few examples include A.R.S. §§ 44-1567(A); 44-7501(H);

6   and 46-455(B).

7          If the Arizona Legislature and Supreme Court had intended that the word "action"

8   as used in § 12-1611 was to have a meaning different from all other provisions of the A.R.S. and

9   A.R.C.P., they could, should, and would have said so.  That they have not done so shows that

10  the meaning of "action" in § 12-1611 is the same as everywhere else in the A.R.S. and A.R.C.P.

11  Case law from Arizona, and other states, consistently demonstrates that the word **action** in this

12  context is a special term that means a complaint and a lawsuit.

13         *B.    Case Law From Arizona and Other Jurisdictions Supports That An Action*

14  *Requires the Filing of a Lawsuit, Not Simply the Activity of Collection.*

15         The Friedmans have located no Arizona cases that directly address this issue.

16  Several cases expressly discuss renewal by **action** pursuant to § 12-1611, and the **action**

17  involved was the filing of a complaint; however, no case discusses judgment renewal by any

18  activity other than a complaint – referred to herein as "renewal by *activity*" – including activity

19  related to enforcement of the judgment.  *See Brandt v. Meade*, 17 Ariz. 34, 35-37, 40-41, 148 P.

20  297, 298-99, 300 (Ariz. 1915); *Associated Aviation Underwriters v. Wood*, 209 Ariz. 137, 179,

21  98 P.3d 572, 614-616 (Ariz. App. 2004) (complaint in intervention); *Hall v. World Savings &*

22  *Loan Ass'n*, 189 Ariz. 495, 498-99, 502, 943 P.2d 855, 858-59, 862 (Ariz. App. 1997).

23         All of these cases infer that renewal by action requires a new lawsuit and

24  complaint.  As noted above, § 12-1611 has a long history.  In 1915, the Arizona Supreme Court

25  expressly described the judgment to be renewed as constituting a *cause of action*.  *Brandt*, 17

26  Ariz. at 40-41, 148 P. at 300.  It also set forth the *elements of that cause of action*, the existence

of the judgment and the absence of satisfaction of that judgment.  *Id.*  More recently, both divisions of the Arizona Court of Appeals have made statements confirming their understanding that there has been no change since 1915; an **action** being a lawsuit initiated by a complaint, consistent with the A.R.S. and the A.R.C.P.   The court in *Hall* stated that

> [A] judgment may be renewed *by filing a lawsuit thereon* or by filing an affidavit of renewal with the clerk of the appropriate court.

*Hall*, 189 Ariz. at 502, 943 P.2d at 862 (emphasis added).  The Court in *Assoc'd Aviation* stated:

> "[e]very judgment gives rise to a *cause of action* to enforce it, *called an action upon a judgment* … 'The main purpose of an action on a judgment is to obtain a new judgment' … Generally, an *action* on a judgment can only be *brought against* the defendant of record in the judgment … The reasoning … is obvious 'It is a violation of due process for a judgment to be binding on a litigant who was not a party.'"

*Assoc'd Aviation*, 209 Ariz. at 180, 98 P.3d 572 at 615 (emphasis added) (quote in original, citation omitted).  While neither court addressed the precise issue before this Court, it is clear that both envisioned "action on a judgment" to necessarily mean a new lawsuit initiated by a complaint, not *activity* in aid of enforcement of the existing judgment.

Unlike in Arizona, the issue before the Court has been addressed more directly in other states.  For example, in Minnesota, "a party may bring an action to renew a judgment, provided that (1) the action is commenced within 10 years after entry of the original judgment, and (2) the party *complies with all the requirements for commencing a civil action.*"  *Shamrock Dev., Inc. v. Smith*, 737 N.W. 372, 376 (Minn. App. 2007) (emphasis added).

Under Indiana law, "proceedings supplemental" (a garnishment action in that case) are initiated by motion and "are a continuation of the underlying claim on the merits – not an independent action" and "[b]ecause proceedings supplemental are a continuation of the original action, *rather than an 'action' on a judgment* of a court of record, they are not subject to the
///

1   statute of limitations in Ind.C. § 34-11-1-11."   *Lewis v. Rex Metal Craft, Inc.*, 831 N.E. 812,

2   817, 821 (Ind. App. 2005) (emphasis added) (quote in original; citation omitted).

3          Consistent with *Assoc'd Aviation* (*i.e.*, that a judgment creates a cause of action to

4   enforce it), Utah law provides that "[a] money judgment forms the basis for but two legal

5   proceedings: (1) *a suit thereon,* brought within eight years, *wherein it forms the basis or chose*

6   *in action for a new judgment ....*"   *Mason v. Mason*, 597 P.2d 1322, 1324 (Utah 1979) (emphasis

7   added) (*citing*, *inter alia, Michely v. Honolulu, Limited*, 567 P.2d 824 (Hawaii 1927)); *State ex*

8   *rel. Comm's of Land Office v. Whitfield*, 193 P.2d 306, 200 Okl. 300 (Okl. 1948).

9          California actually has a definition of **action** which comports with the above:

10          An action is an ordinary proceeding in a court of justice by which

11          one party prosecutes another for the declaration, enforcement, or

            protection of a right, the redress or prevention of a wrong, or the

12          punishment of a public offense.

13  CalC.Civ.Proc. § 22.   Under California law, a "*separate independent* action 'on' a judgment" is

14  entirely separate from "statutory proceedings to enforce" the underlying judgment.   *Barkley v.*

15  *City of Blue Lake*, 23 Cal.Rptr.2d 315, 317 (App. 1993) (emphasis in original).   Accordingly,

16  the action on the judgment requires service of a summons and complaint on the defendant

17  judgment debtor.   *Fidelity Creditor Serv., Inc. v. Browne*, 106 Cal.Rptr.2d 854, 858-859 (App.

18  2001) (*citing, Hill v. City Cab etc. Co.*, 79 Cal. 188, 190-191 (1889).   Moreover, a "*separate*

19  *independent action*" on a judgment is entirely distinct from the renewal of that judgment.

20  *Pratali v. Gates*, 5 Cal.Rptr.2d 733, 736-737 (App. 1992).

21          Fidelity's contrary argument relies on Black's Law Dictionary 18 (6th ed. 1997)

22  but, as with its failure to cite California law regarding when enforcement of judgments may

23  commence (*see* § II below), Fidelity omits the relevant part:

24          Action ... term in its usual legal sense means a lawsuit brought in a

            court; a formal complaint within the jurisdiction of a court of law ...

25          The legal and formal demand of one's right from another person or

            party made and insisted on in a court of justice ... An ordinary

26

-14-

proceeding in a court of justice by which one party prosecutes another…."

(Emphasis added.)  The authorities cited above show the universality of the distinction between *an action on a judgment* and *activities or procedures to enforce* that judgment.  The former does <u>not</u> include the latter.  An action on a judgment requires a separate lawsuit on that judgment.  Since no such independent lawsuit was filed by Fidelity, there was no renewal by action.