**SCHIAN WALKER, P.L.C**.
3550 NORTH CENTRAL AVENUE, #1700
PHOENIX, ARIZONA 85012-2115
TELEPHONE: (602) 277-1501
FACSIMILE: (602) 297-9633
E-MAIL: ecfdocket@swazlaw.com
MICHAEL R. WALKER, #003484
MARK C. HUDSON, #020500
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| FIDELITY NATIONAL FINANCIAL, INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> COLIN H. FRIEDMAN, *et al.*, <br><br> Defendants. | No. CV03-1222-PHX-RCB <br><br> **REPLY TO RESPONSE TO OBJECTIONS TO REPORT & RECOMMENDATION** <br> **– AND –** <br> **ORDERS** |

Defendant **Friedmans**[1] hereby reply to **Fidelity's** response (the "**Response**") [DE 189] to the *Objections to the Report & Recommendation–and–Orders* (the" **Objection**") [DE 188]. The **Recommendations** were filed on March 31, 2008 [DE 187]. Rather than titling it a response, Fidelity titled the Response as a motion: *Motion by Judgment Creditor Fidelity National Financial, Inc. to Affirm the Recommendations and Report of Magistrate Judge Duncan, Entered on March 31, 2008, and to Affirm Fidelity's Judgment.* The Friedman's have treated this as a response for three reasons: (i) Rule 72(b), Fed. R. Civ. P. only permits the filing of papers objecting to a magistrate judge's recommendations; (ii) that rule requires that all such papers be filed within ten (10) days of the entry of the recommendations but Fidelity filed its Response 23 days later; and (iii) the text of the Response demonstrates that it is written as a response to the Objection.[2] For the reasons set forth in the Objection, the Friedman's reiterate their objections.

---

[1] Terms first shown in **bold** capitalized letters have the same meaning as used in papers previously filed in these proceedings.
[2] Titling the Response as a motion would not justify the filing of some type of reply to this reply.

## REPLY

**A.    Introduction.**

In the proceedings at issue, the Court is called upon to decide a legal issue – did Fidelity renew the Arizona Judgment or did it expire owing to a failure to properly renew that judgment.  Yet, Fidelity persists in its attempt to prejudice the Court by referring to facts in the first paragraph of its reply that are irrelevant to that legal issue.  Response at 1:1-6.  Those comments should be stricken or ignored accordingly.

**B.    Fidelity Improperly Offers Arguments That Were Never Raised to the Court.**

As an initial matter, Fidelity's response should be limited to the matters set forth in the Objection, or at the very least to those before the Court when it issued the Recommendations. Those matters are discussed below.

**C.    Fidelity Offers No Authority for its Assertion That the Recording of a Judgment with an Arizona County Recorder Serves to Renew a Judgment.**

This is the first time that this issue is raised by Fidelity.  Fidelity offers no support for this argument and cannot because that is not the purpose or effect of recording a judgment. The only effect of recordation is to obtain a judgment lien against real property in that county. While such activity may be done in aid of collection of a judgment, unlike actual collection activity, it involves activity both extrajudicial in nature and done without providing <u>actual</u> notice to anyone.   The extrajudicial recordation of a judgment is not a basis for renewal of the judgment itself, and no contrary argument or authority was offered to the Court by Fidelity.[3]

**D.    The Court's Unpublished Memorandum Decision in Another Case is Not Binding Authority and Does Not Evoke *Stare Decisis*.**

Fidelity has made much of the Court's <u>unpublished</u> memorandum decision in *Gagan v. Sharer*.  It must so rely because there is no precedential authority that supports its

---

[3] Perhaps Fidelity's only purpose in discussing these acts was to catalog the actions it has taken in its failed attempt over a 6-year period to locate or collect significant assets in Arizona.

position on renewal by *activity*. Moreover, contrary to Fidelity's argument,[4] the unpublished *Gagan* decision is not precedential "authority" on the matter – and *stare decisis* does not apply.

This argument also lacks legal support and a complete reading of the case cited by Fidelity demonstrates several reasons for its inapplicability. *See Colby v. J.C. Penney Co., Inc.*, 812 F.2d 1119, 1123 (7th Cir. 1987). First, Fidelity failed to note the distinction between the *persuasive* and *authoritative* effect of prior decisions so thoroughly addressed by Judge Posner in *Colby*, which omission Fidelity uses to argue that *stare decisis* applies here. *Id.*[5] Second, Fidelity failed to completely quote Judge Posner's full discussion of the operation of *stare decisis* within the same District or Circuit Court:

> "the most complex relationship is between a court and its own previous decisions [...] But it is not absolutely bound by them, and must give fair consideration to any substantial argument that a litigant makes for overruling a previous decision."

*Id.* Thus there is no rigid *stare decisis* effect of a prior decision – as there must be when the relationship is hierarchical (an inferior court following the decisions of a superior court). *Id.*

Third, Fidelity ignores that there is no "authority" to overrule here. In *Colby*, the prior decision involved was the <u>published</u> decision of another district court. *Id.* Here however, the decision at issue is an <u>unpublished</u> memorandum decision. The problems are obvious. The brevity of the *Gagan* decision alone demonstrates that it was not written to establish authority on the subject matter but was written to resolve one discreet issue in those proceedings. *Gagan* is not authoritative. *Id.* Furthermore, Fidelity has not offered authority that permits it to *cite* an unpublished district court ruling as *authoritative* (rather than merely persuasive) much less urge *reliance* on it pursuant to *stare decisis*.

---

[4] This is yet another argument first raised in its response.

[5] As for the relationship between federal and state courts, vis-à-vis *stare decisis*, the Court stated: "In cases where the rule of decision is the law of some state, we owe the same deference to the highest court of that state." *Id.* Certification of questions to that court would accomplish this.

1    More significantly, as stated above, Fidelity has posited *no authority* for its

2  position that mere collection *activity* rises to the level of *action* to renew a judgment.  On the

3  other hand, the Friedman's provided considerable authority to the contrary – that it does not

4  effect a renewal.  The Recommendations indeed ignore this authority, the only authority offered

5  by either party.

6  **E.    Fidelity Does Not Address the Policy Considerations Urged by the Friedmans.**

7    All that Fidelity says about public policy is that "there is no question that

8  judgment debtors have, through Fidelity's collection activities, been well informed about the

9  status of collection efforts, and there are no third party interests at issue in this matter."

10  Response at 3:25 to 4:2.  Fidelity's Response either ignores the policy issues raised by the

11  Friedmans, or misses the point, or does both.

12    Initially, there was no evidence presented on the issue of third party interests so it

13  is (characteristically) overreaching for Fidelity to assert that there are none.  More importantly,

14  one of the policy issues that the Freidman's stressed was that the question of whether or not

15  renewal occurs should emphatically not turn on variables such as whether or not a particular

16  case has "third party interests at issue."  To repeat the point urged by the Friedman's, the

17  effectiveness of renewal should not be dependent of the facts of the case – it should be a matter

18  with self-contained predictability and certainty, not one dependent on factual inquiries and

19  judgments about the adequacy of certain factors.

20  **F.    The 2006 California Action is Not an Action on the Arizona Judgment.**

21    Fidelity's only response to the Friedman's position is conclusory: the 2006

22  California Action "is predicated on the existence of the judgment and the absence of

23  satisfaction."  Fidelity completely ignores that the complaint in that action does not even

24  mention the Arizona Judgment that Fidelity now says was renewed by the 2006 California

25  Action. Fidelity's assertion is an after-the-fact invention that seeks to avoid the consequences of

26  its failure to properly renew the Arizona Judgment by affidavit.

**G.     Judicial Economy Favors a Ruling on All of Fidelity's Bases for Renewal of the Arizona Judgment.**

Once more Fidelity chooses to miss the point.  As noted by Fidelity, the Ninth Circuit could <u>affirm</u> the ultimate ruling that the Arizona Judgment was effectively renewed (or "re-registered," whatever that may be; it has never been explained how this might occur).  On the other hand, it is not clear that the court of appeals could <u>reverse without</u> also having to <u>remand</u> – *i.e.*, that it could rule that the Arizona Judgment expired under any theory, because those unadjudicated issues would not be the subject of a proper appeal, having never been ruled upon by this Court.  The case cited by Fidelity is inapposite and does not address this issue. *Best Life Assur. Co. v. Comm'r*, 281 F.3d 828, 833-34 (9th Cir. 2002).  In that case, the court ruled that its analysis of one code provision to support its ruling and decision on the interpretation of a different code provision was not an alternative holding.  *Id.*  Since this analysis was not necessary for its decisions, the analysis was *dicta.  Id.*  That is not the circumstance here, where what is being urged is that a ruling be made on all of the alternative bases for renewal – raised by Fidelity –before an appeal is filed on just some of those bases.

The Friedman's acknowledge that the Court is not required to address what are rather obviously Fidelity's weaker arguments, but it may want to do so in order to avoid having to do so after remand, which second decision is likely to result in a second appeal.   Indeed Fidelity's argument against certification of questions to the Arizona Supreme Court (that being the fourth basis for renewal, "re-certification") is not addressed in the proposed questions highlights the obvious.  Whatever decision entered by the Court will be appealed, regardless of which party is the appellant (Fidelity does appear to be waiving its right to later assert the theories of renewal that are proposed to remain undecided).  All that the Friedman's request is that the Court enter rulings on all issues to ensure that only one appeal will be necessary.

///

**H.     The Questions Suggested by the Friedman's should be Certified to the Arizona Supreme Court.**

The Objection is not a request for reconsideration.  The Court is aware that a party may request certification, or the Court (or any other federal court) may *sua sponte* certify questions, to the Arizona Supreme Court, at any time.  Fidelity argues that certification of these questions is not dispositive because it does not address the fourth basis ("re-certification") for renewal.  This argument is ironic inasmuch as the Recommendations eschew a ruling on this issue and Fidelity expressly approves of no ruling being made.  However, certification would dispose of the issues on which the Court has chosen to make recommendations for a ruling, which recommendations, if accepted will form the only basis for appeal.

More importantly, Fidelity does not dispute that resolution of those issues by the Arizona Supreme Court will dispose of the issues of renewal by action and renewal by affidavit, which are the only methods permitted by Arizona law.  That leaves only the issue of "re-registration," which theory has many problems.  The first is that no authority was presented (or appears to exist) to support the argument that a judgment creditor can obtain multiple judgments by domesticating a foreign judgment multiple times.  Whether Arizona law permits multiple domesticated judgments is a legal question that could also be certified to the Arizona Supreme Court so that all dispositive issues may be addressed by that Court.[6]

**I.     Conclusion.**

Fidelity has not demonstrated any lack of merit to the Objections.  To the contrary, it's arguments amplify the problems in the Recommendations (*e.g.* it is a wise course of action to

---

[6] The other problems deal with Fidelity's veracity.  Fidelity trumpets the fact that it engaged in collection activities years before the second "re-registration" was filed – is this an admission that it engaged in collection activity years before it obtained an Arizona Judgment?  Although absurd, this question is a logical extension of Fidelity's fatally inconsistent argument that the 2007 Certification had the effect of both renewing the 2002 Arizona Judgment and creating a 2007 Arizona Judgment both of which are predicated on the same 2002 California Judgment.  Fidelity cannot seem to decide on which of these mutually exclusive outcomes to rely.

not rule on all matters, to not read the pleadings in the 2006 Action to determine if it really is an action on the Arizona Judgment).  Fidelity is correct about the ultimate matter.  The Friedmans are convinced that the Recommendations are wrong as a matter of Arizona law and respectively request that, after conducting its *de novo* review, the Court instead enter its decision holding that the Arizona Judgment expired despite all of the conflicting theories offered by Fidelity.

Despite the differing positions taken in the Objections and the Response, the Friedman's also believe that both parties are interested in an expeditious and final resolution of this issue of renewal and that both parties are inclined to appeal an adverse outcome.  The issues here are legal; there appear to be no factual disputes.  For those reasons, the Friedman's urge alternatively, that it simply makes good sense for the Court to certify the dispositive legal questions to the Arizona Supreme Court (including the additional question implicitly suggested by Fidelity) for the reasons urged by the Friedmans.  As for judicial efficiency, certification would effectively eliminate any appeal of those issues decided by the Arizona Supreme Court.

If no certification of question is to be made, the Court should rule on all bases for judgment renewal argued by Fidelity in order to eliminate the specter of a second appeal years from now.  Both parties need certainty on the crucial questions involved here – is the Arizona Judgment lapsed or renewed – may Fidelity continue to expend time and money in aid of collection – should the Friedmans have to continue to expend time and money complying with those efforts and risk loss of property if the judgment lapsed.  The Court needs to promote efficiency.  A decision that merely incorporates the Recommendations fails to address these concerns.

WHEREFORE, the Friedman's reiterate their request that, after conducting its *de novo* review, the Court reject the Recommendations and instead rule that the Arizona Judgment has expired.  Alternatively, the Friedman's urge that the Court certify the dispositive legal questions in this matter to the Arizona Supreme Court.  If a ruling is made, the Friedmans request that the Court's ruling include rulings on all bases for renewal argued by Fidelity.

DATED this <u>29th</u> day of April, 2008.

SCHIAN WALKER, P.L.C.

By <u>/s/ MARK C. HUDSON, #020500</u>
       Michael R. Walker
       Mark C. Hudson
       Attorneys for Defendants

COPY of the foregoing hand-
delivered this 29th day
of April, 2008, to:

Honorable Robert C. Broomfield
Sandra Day O'Connor Courthouse
401 West Washington
Phoenix, Arizona 85003-2158

and COPY e-mailed, faxed and mailed to:

John J. Hennelly, Esq.
Orlando F. Cabanday, Esq.
Janice M. Kroll, Esq.
Hennelly & Grossfeld, LLP
4640 Admiralty Way, #850
Marina del Rey, California 90292
Attorneys for Plaintiffs
FAX:  (310) 305-2116
jhennelly@hgla.com
ocabanday@hgla.com
jmkroll@hgla.com

<u>/s/ JULIE LANGSTRAAT</u>

Friedman\Fidelity\AZDisCtPlead\ReplyRespObjReport&Recom