**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Fidelity National Financial, Inc., Plaintiff,

vs.

Colin H. Friedman, *et al.*, Defendants.

No. CIV 03-1222-PHX-RCB (DKD)

O R D E R

The dispute presently before the court involves the scope of the record on appeal to the Ninth Circuit Court of Appeals. The defendant/appellants, Colin H. Friedman and Hedy Friedman, assert that a transcript of the February 12, 2008, oral argument before Magistrate Judge David K. Duncan is not necessary to the appeal. Taking the opposite view, plaintiff/appellees, Fidelity National Financial, Inc. and Fidelity Express Network,, Inc. ("Fidelity"), assert that a transcript of that argument is necessary to the appeal. For the reasons set forth below, the court does not deem that transcript necessary to the appeal.

. . .

## ***Background***

After conducting its own independent *de novo* review, this court found no merit to any of the Friedmans' objections to Magistrate Judge David K. Duncan's Report & Recommendation ("R&R") (doc. 187) that this court deny their "Motion to Quash, Vacate and/or Strike Fidelity's Certification of Judgment for Registration in Another District (dated January 1, 2007) and Renewal of Judgment in District of Arizona" (doc. 171). Fidelity Nat. Financial, Inc. v. Friedman, 2008 WL 3049988, at *12 (D.Ariz. Aug. 1, 2008). On August 28, 2008, in the Ninth Circuit Court of Appeals, the Friedmans filed their notice of appeal from that August 1, 2008, order. Doc. 231. Citing to Fed. R. App. P. 10(b)(1)(B)[1] and Ninth Cir. R. 10-3.1(a),[2] the Friedmans timely filed a "Statement of Intent to not Order Transcript for Record on Appeal[.]" Doc. 236.

Fidelity responded, as Ninth Circuit Rule 10-3.1(b) allows, by filing and serving a "List of Additional Portions of the Transcript Necessary to the Appeal" ("List") (doc. 237). In particular, Fidelity is seeking to have "[t]he official transcript of the oral argument on the Motion to Quash, held before . . . [Magistrate] Judge Duncan on February 12, 2008[,]" made a part of the record on appeal. Such a transcript is "necessary to the record" on appeal, Fidelity asserts, because it "evidences the[ir] arguments in favor

---

[1] "[F]iling a certificate that no transcript will be ordered[,]" is one of the appellant's alternate duties under this Rule. See Fed. R. App. P. 10(b)(1)(B).

[2] Echoing Fed. Rule of Appellate Procedure 10(b)(1)(B), this Ninth Circuit Rule alternatively requires an appellant to "serve on appellee a statement indicating that appellant does not intend to order any transcripts." Ninth Cir. R. 10-3.1(a).

of the Motion to Quash, and Fidelity's arguments in opposition." Id. at 2:3-5; and 2:14-15. Fidelity further contends, mistakenly as it turns out, that a transcript is a necessary part of a record on appeal.

Objecting, the Friedmans accurately point out that the transcript of the oral argument before Magistrate Judge Duncan was not part of the record which this court considered in reviewing the R&R. If Fidelity deemed that transcript significant to this court's review, it could have ordered the transcript at that time, but it did not. Moreover, as the Friedmans note, because none of the parties ordered it, no transcript exists which could be made a part of the record on appeal. Then, attributing some malevolence to Fidelity, the Friedmans indicate that "[t]he only possible reason for listing the Transcript as part of the record on appeal is to increase the[ir] . . . costs[,] an onerous burden" which the court should not "countenance[][.]" Certification that Transcript is Unnecessary to the Appeal (doc. 238) at 2:14-16. There is no basis on this record for the court to accept such an attribution.

## ***Discussion***

The Friedmans have the stronger argument, except when it comes to the cost issue.[3] Fed. R. App. P. 10(a) enumerates the items which constitute the record on appeal. Among those items are "the original papers and exhibits filed in the district court[,]" and

[3] The court gives little credence to Friedmans' argument as to the cost of the transcript. Where, as here, a party has filed a certification that additional portions of the record are "unnecessary to the appeal and explains why[,]" this court has the authority under Ninth Cir. R. 10-3.1(f) to "determine which party shall pay for which portions of the transcript." Thus, even if the court agreed with Fidelity, it would not necessarily fall to the Friedmans to pay the cost of the requested transcript.

"the transcript of the proceedings, *if any*[.]" Fed. R. App. P. 10(a) (emphasis added). Incorporating Rule 10(a) by reference, Ninth Cir. R. 10-2 3.1(f) provides that "the complete record on appeal consists of[,]" *inter alia*, "the official transcript of oral proceedings before the district court ('transcript'), *if there is one*[.]" Ninth Cir. R. 10-2(a) (emphasis added).

Fidelity overlooks the highlighted language of those Rules. As just explained, there is no transcript here. What is more, despite Fidelity's contrary assertion, the transcript is not necessary to "evidence[]" the parties' respective arguments before the Magistrate Judge. See List (doc. 237) at 2:14 Those arguments were fully set forth in the Friedmans' objections to the R&R (doc. 188); Fidelity's "Motion . . . to Affirm" the Magistrate Judge's R&R (doc. 189); and the Friedmans' reply thereto (doc. 190) – all of which this court carefully considered and addressed in Fidelity Nat. Financial, 2008 WL 3049988. Thus, the court cannot find that a transcript of the February 12, 2008, (which does not exist in any event), is necessary to the Friedmans' appeal.

To conclude, the court does not deem necessary to the Friedman's appeal a transcript from the February 12, 2008, oral argument before Magistrate Judge David K. Duncan. Hence, the court will not require the Friedmans to designate that February 12, 2008, transcript as part of the record on appeal in this case.

IT IS ORDERED denying Fidelity's request to have an official

. . .

transcript of the oral argument before Judge Duncan designated as a part of the record on appeal.

DATED this 6th day of November, 2008.

Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record