David M. Bass (CA State Bar No. 117199)
(admitted pro hac vice in this action)
dbass@basslawla.com
DAVID M. BASS & ASSOCIATES, INC.
1900 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Telephone: (310) 789-1152
Facsimile:  (310) 789-1149

Attorneys for Defendants FARID
MESHKATAI; ANITA KRAMER
MESHKATAI; COLIN FRIEDMAN; AND
HEDY KRAMER FRIEDMAN

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation, and FIDELITY EXPRESS NETWORK, INC., a California corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> COLIN H. FRIEDMAN, individually and as trustee of the Friedman Family Trust UDT, dated July 23, 1987; HEDY KRAMER FRIEDMAN, individually and as trustee of the Friedman Family Trust UDT, dated July 23, 1987; FARID MESHKATAI, an individual; and ANITA KRAMER MESHKATAI, individually and as trustee of the Anita Kramer Living Trust, dated July 23, 1987, <br><br> Defendants. | Case No. CV 03-1222 PHX RCB <br><br> [Assigned to Hon. Robert C. Broomfield] <br><br> **REQUEST FOR RULING CONSISTENT WITH NINTH CIRCUIT MANDATE** <br><br> **[Request for Judicial Notice filed concurrently herewith]** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    **I.        INTRODUCTION AND PROCEDURAL BACKGROUND.**

2            On August 1, 2008, this Court denied Defendants Colin and Hedy Friedman's

3    (the "Friedmans") Motion to Quash, Vacate and/or Strike Plaintiff Fidelity National

4    Financial, Inc. and Fidelity Express Network, Inc.'s ("Fidelity") Certification of

5    Registration of Judgment in Another District (Dated January 1, 2007) and Renewal of

6    Judgment (the "Certification") in the District of Arizona (the "Motion").  The Friedmans

7    appealed that order to the Ninth Circuit Court of Appeals.  On November 22, 2010, the

8    Ninth Circuit issued a mandate reversing the order (the "Mandate").  By way of this

9    Request for Ruling, the Friedmans request that this Court issue an order consistent with

10   the Mandate and grant their Motion.

11           Defendants Farid and Anita Meshkatai (the "Meshkatais"), although not moving

12   parties, join in this Request as similarly situated judgment debtors who will be equally

13   affected by the Court's ruling on the enforceability of Fidelity's judgment against

14   Defendants in Arizona (the "Judgment").[1]

15           The Friedmans filed the Motion in January 2008 as a result of Fidelity's failure to

16   file an affidavit to renew the judgment that complies with Arizona Revised Statutes

17   ("A.R.S.") section 12-1612(B).  Specifically, the Certification was (i) filed too early to

18   be effective under the statute, and (ii) did not contain much of the information required

19   by the statute, including the amount paid toward the judgment or a verified affidavit.  In

20   Opposition to the Motion, Fidelity argued that (i) it renewed the Judgment by pursuing

21   collection activities in Arizona, (ii) it renewed the Judgment by filing an additional

22   action in the Central District of California, (iii) the Certification was valid as a separate

23   registration of the Judgment (even though the Judgment was registered years earlier),

24   / / /

25

26   _____

    [1] The Meshkatais are not prevented by laches from challenging the renewal of the
27   Judgment.  Any laches argument "presupposes that a judgment debtor must act to profit
    from a judgment creditor's failure to renew a judgment.  Under the applicable statute, it
    is the judgment creditor who must act to prevent expiration, not the debtor who must act
28   to achieve it.  If the creditor fails to renew the judgment, it expires.  The judgment
    debtor need do nothing."  *Crye v. Edwards*, 178 Ariz. 327, 328-29 (1993).

1  and (iv) its failure to comply with A.R.S. § 12-1612(B) was merely a technical, clerical

2  error which the Court should excuse.

3      In the August 1, 2008 order, this Court denied the Motion on the grounds that

4  (i) Fidelity renewed the Judgment by pursuing collection activity in Arizona, and

5  (ii) Fidelity renewed the Judgment by filing an action in the Central District of

6  California entitled *Fidelity National Financial, Inc. v. Colin Friedman*, U.S.D.C.

7  C.D.Cal. Case No. 06-4271 CAS (the "Central District Action").[2]  In light of its ruling,

8  this Court found it unnecessary to address the deficiencies in Fidelity's Certification.

9      The Friedmans appealed this Court's ruling to the Ninth Circuit.  The issue on

10  appeal was a matter of state law.  Accordingly, the Ninth Circuit certified the two

11  questions at issue (renewal of the Judgment by (i) filing an action in another jurisdiction

12  and (ii) pursuing collection activities in this action) to the Arizona Supreme Court.

13      In a published opinion (*See Fidelity National Financial, Inc. v. Colin Friedman*,

14  238 P.3d 118, 225 Ariz. 307 (2010)), the Arizona Supreme Court held that Fidelity's

15  actions were not sufficient to renew the Judgment in Arizona under Arizona Law.  (See

16  Request for Judicial Notice filed concurrently herewith ("RJN"), Exh. A.)  The Arizona

17  Supreme Court found that "[n]one of the Arizona collection efforts undertaken by

18  Fidelity was a common law action on the 2002 judgment."  (RJN, Exh. A, p. 13.)  The

19  Arizona Supreme Court further found that the Central District Action "clearly was not a

20  common law action on the judgment; it did not simply recite the amount owed and seek

21  a judgment on that debt."  (RJN, Exh. A, p. 14.)  The Arizona Supreme Court also noted

22  that "because the California racketeering suit resulted in a defense verdict in 2010, it did

23  not culminate in a new judgment against the Debtors."  (RJN, Exh. A., p. 14.)

24      Following the ruling of the Arizona Supreme Court, on November 22, 2010, the

25  Ninth Circuit issued the Mandate  attaching a Memorandum dated October 29, 2010.

26

27

28

---

[2] Despite Fidelity's reliance on the Central District Action as an action on the Judgment, Fidelity took the opposite position in the Central District Action when opposing a Motion for Attorneys' Fees.  Fidelity explicitly stated that "Although one purpose of the RICO action was to enable Fidelity to collect its judgment, Fidelity did not bring the RICO action pursuant to any judgment collection statute."  (RJN, Exh. J, 3:3-4).

1   (RJN, Exh. B.)  The Memorandum recited the holding of the Arizona Supreme Court

2   and stated that:  "Since Fidelity did not file a common law action for renewal on the

3   2002 judgment within five years of its entry, the judgment expired by 2008."  (RJN,

4   Exh. B, p. 4.)  Accordingly, the Ninth Circuit reversed this Court's order of August 1,

5   2008 denying the Motion.

6       As a result of the Ninth Circuit's decision, there is need for this Court to enter on

7   order on the Motion consistent with the Mandate.  Accordingly, the Defendants request

8   that this Court enter an order on the Motion that complies with the Mandate.  Such an

9   order is required because Fidelity continues to take the position that its renewal of the

10  Judgment was valid.  For example, in the mediation questionnaire submitted to the

11  Ninth Circuit by Fidelity in connection with its appeal of the Central District Action

12  (which was resolved in favor of all defendants including the judgment debtors herein),

13  Fidelity acknowledged that the Ninth Circuit reversed this Court's order, but

14  nonetheless stated "Plaintiffs have re-registered the judgment in Arizona."  (RJN, Exh.

15  C, p. 2 of 7.)

16      In addition, the Judgment continues to appear against the Meshkatais' home and

17  each Defendant's credit report as a judgment that is enforceable in Arizona.  This has

18  negatively affected the Defendants' credit and is limiting their ability to improve their

19  financial condition.

20

21  **II.   THE COURT SHOULD ISSUE AN ORDER GRANTING THE MOTION.**

22      **A.   The Certification was Insufficient to Renew the Judgment.**

23      The Court should issue an order granting the Motion because the Arizona

24  Supreme Court and Ninth Circuit ruled that Fidelity's activities, upon which is relies,

25  were not sufficient to renew the Judgment.

26      To prevent this Court from issuing such an order, Fidelity may attempt to re-

27  argue that the Motion should not be granted because neither the Ninth Circuit nor the

28  Arizona Supreme Court addressed Fidelity's other argument, that filing the Certification

3

1   on April 5, 2007 was sufficient to renew the Judgment.  The Ninth Circuit would not

2   address this issue because this Court did not rule upon the issue.  RJN, Exh. B, p. 4.

3   Nevertheless, Fidelity's argument is not persuasive.

4          Fidelity's failure to file an affidavit of renewal that complies with A.R.S.

5   section 12-1612(B) was addressed in detail in the Motion and Reply in Support of the

6   Motion, which are attached to the RJN as Exhibits D and E, respectively.  Fidelity's

7   Opposition and Surreply are attached to the RJN as Exhibits F and G, respectively.

8   Defendants do not repeat these arguments in their entirety herein, but would like to call

9   this Court's attention to a case that was decided after the briefing on the Motion

10  concluded.

11         In the Motion, the Friedmans argued that the Certification was insufficient to

12  renew the Judgment because it was filed prior to the 90 day period preceding expiration

13  of the Judgment as required by A.R.S. section 12-1612(B).  RJN, Exh. D, p. 2-5.  In

14  *State of Arizona ex rel. Industrial Commission of Arizona v. Galloway*, 224 Ariz. 325

15  (2010), decided after briefing on the Motion concluded, the Court found that a renewal

16  affidavit filed more than 90 days before the expiration of a judgment was premature and

17  ineffective.  The court stated that

18              A.R.S. § 12-1612(B) expressly provides that a renewal by
                affidavit must be filed within ninety days before the
19              expiration of the judgment, and strict compliance with the
                renewal provisions is required to effect a renewal.
20              ADOSH's sixteen-month-premature filing of its renewal
                affidavit was contrary to the plain language and purpose of
21              the statute and therefore ineffective.

22  *Id.* at 329-330 (internal citations omitted).  Accordingly, even if Fidelity's Certification

23  was sufficient to operate as a renewal affidavit (which it was not), it was premature and

24  ineffective.

25         Fidelity argued that because it filed the Certification within four years of the time

26  the Judgment became final, the Certification in itself was effective to re-register the

27  Judgment.  As is set forth in detail in the Reply in Support of the Motion, there is no

28  authority which allows a second registration of a judgment, and Fidelity's registration of

1  the Judgment on November 15, 2002 is the operative registration.  Allowing a judgment

2  creditor to get around the time requirements prescribed by the Arizona Legislature in

3  A.R.S. section 12-1612 by filing a second registration of an already existing judgment

4  would defeat the purpose of the statute and render the time limits it prescribes

5  meaningless.  In addition, although the Arizona Supreme Court did not address this

6  question, it did address Fidelity's argument that the judgment debtors may unjustly

7  escape liability if the Court did not find in its favor.  The Court rejected Fidelity's

8  argument stating:

9  
10  
11  
12  
13  
14  

> To mitigate any possible unfairness, the legislature has
> provided a simple mechanism for renewing the judgment.
> The judgment creditor need only file an affidavit, in a form
> specified by statute, within a ninety day period before the
> judgment expires to obtain renewal and maintain the priority
> of the original judgment.  The statute also preserves the
> more cumbersome common law action on the judgment.
> **When a judgment creditor fails to utilize either of these
> statutory alternatives, its resultant inability to enforce
> the original judgment in Arizona is compelled by law**.

15  RJN, Exh. A, pp. 12-13 (emphasis added).  It is clear, therefore, that a judgment creditor

16  must strictly follow one of the procedures prescribed by the statute in order to

17  effectively renew a judgment.  Fidelity failed to follow either of the statutorily

18  prescribed procedures.

19  　　　　Furthermore, Fidelity's argument that the Judgment was not final and enforceable

20  until 2003 is disingenuous because it relied upon the original registration of the

21  Judgment (which it now claims was premature) in commencing collection activities.

22  Those activities include the issuance of writs of garnishments and the taking of

23  judgment debtor examinations.[3]

24  / / /

25  / / /

26  / / /

27  
28  

---

[3] The Friedmans further dispute that the Judgment was not final or enforceable until
2003 for the reasons set forth in the Reply in Support of the Motion.  (RJN, Exh. E, pp.
7-10.)

1

### B.    <u>Fidelity's Additional Affidavit Was Insufficient to Renew the Judgment.</u>

2

3          Although not addressed to this Court on the Motion, Fidelity argued on appeal

4 that it cured the defects in the Certification by filing on February 7, 2008, an Additional

5 Renewal Affidavit Renewing the Judgment Registered in Arizona on November 15,

6 2002 (the "Additional Affidavit") (RJN, Exh. H).  Fidelity's argument is unavailing.

7 Pursuant to A.R.S. section 12-1551(b):

8                     An execution or other process shall not be issued upon a
judgment after the expiration of five years from the date of
9                     its entry unless the judgment is renewed by affidavit or
process pursuant to section 12-1612 or an action is brought
10                     on it within five years from the date of the entry of the
judgment or of its renewal.

11

12 A.R.S section 12-1612(B) provides that "The judgment creditor, his personal

13 representative or assignee may within ninety days preceeding the expiration of five

14 years from the date of entry of such judgment, make an affidavit, known as a renewal

15 affidavit."  The Additional Affidavit was filed on February 7, 2008, more than five years

16 after the date the Judgment was registered.  Accordingly, it is ineffective.  *See Coggins*

17 *v. Wright*, 22 Ariz.App. 217, 218-19 (1974) ("appellant's renewal attempt on May 12,

18 1969 was invalid because the judgment expired on April 23, 1969, five years after the

19 April 23, 1964 renewal"); *Mobile Discount Corp. v. Hargus*, 156 Ariz. 559, 560 (1988)

20 ("The phrase 'within ninety days of expiration' means within 90 days *before* expiration

21 and not 90 days after expiration.") (Emphasis in original).  Fidelity's belated attempt to

22 comply with the statute was insufficient to renew the Judgment.

23          In addition, the Additional Affidavit, filed to correct the deficiencies in the

24 Certification, operates as an admission that the Certification did not meet the

25 requirements of A.R.S. § 1612(B) and was, therefore, invalid.  A.R.S. section 1612(B)

26 provides that a renewal affidavit must contain the following information:

27                     1. The names of the parties, the name of the court in which
docketed, if recorded the name of the county in which
28                     recorded, the date and amount of the judgment, the number
and page of the docket in which entered by the clerk of the

6

court, if recorded, the number and page of the book in which
recorded by the county recorder, the name of the owner of
the judgment, and his source and succession of title, if not
the judgment creditor.

2. That no execution is anywhere outstanding and
unreturned upon the judgment, or if any execution is
outstanding, that fact shall be stated.

3. The date and amount of all payments upon the judgment
and that all payments have been duly credited upon the
judgment.

4. That there are no set-offs or counterclaims in favor of the
judgment debtor, and if a counterclaim or set-off does exist
in favor of the judgment debtor, the amount thereof, if
certain, or, if the counterclaim or set-off is unsettled or
undetermined, a statement that when it is settled or
determined by action or otherwise, it may be allowed as a
payment or credit upon the judgment.

5. The exact amount due upon the judgment after allowing
all set-offs and counterclaims known to affiant, and other
facts or circumstances necessary to a complete disclosure as
to the exact condition of the judgment.

As is set forth in detail in the Motion, the Certification (attached to the RJN as

Exhibit I) did not contain most of the required information.  (RJN, Exh. D, 5:16-7:21.)

The missing information includes, but is not limited to, the date and amount of all

payments made upon the Judgment, the current balance due on the Judgment, the name

of the county where the Judgment was recorded, a statement regarding whether any

execution was outstanding, or a statement that there are no setoffs or counterclaims

against the Judgment.  Nor did the Certification include a properly verified affidavit,

rendering it fatally defective.  These errors are substantive, not clerical, as Fidelity

claims.  Accordingly, neither the Certification, the Additional Affidavit, nor the

combination of the two were sufficient to renew the Judgment.


III.    **CONCLUSION.**

Based on the Mandate, the Request for Judicial Notice filed concurrently

herewith (attaching the Motion and Reply in Support of the Motion), and the reasons set

forth herein, this Court should enter an order granting the Friedmans' Motion and quash,

1  vacate and/or strike Fidelity's purported re-registration and renewal of the Judgment.

2  Fidelity did not comply with the time requirements or other procedural requirements

3  dictated by the Arizona Legislature.  The Legislature has prescribed a specific, yet

4  simple procedure for renewing a judgment.  Fidelity failed to follow that procedure and

5  is seeking to eviscerate the purpose of the Arizona statute by claiming that it is entitled

6  to register the Judgment for a second time.  The Ninth Circuit has ruled that Fidelity

7  failed to renew the Judgment, and an order should be entered by this Court accordingly.

8

9  Dated:  April 19, 2011                    DAVID M. BASS & ASSOCIATES, INC.

10

11                                                     By:_____/s/ David Bass_____

12                                                           David M. Bass
                                                            Attorneys for Defendants FARID
                                                            MESHKATAI; ANITA KRAMER
13                                                         MESHKATAI; COLIN FRIEDMAN;
                                                            AND HEDY KRAMER FRIEDMAN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR RULING CONSISTENT WITH NINTH CIRCUIT MANDATE

1

**PROOF OF SERVICE**

2
**UNITED STATES DISTRICT COURT**    )    Case No. CV03-1222 PHX

3
**DISTRICT OF ARIZONA**    )    (RCB)
)

4
            I am employed in the county of Los Angeles, State of California.  I am over

5
the age of 18 and not a party to the within action; my business address is
1900 Avenue of the Stars, Suite 200, Los Angeles, California 90067.

6
            I hereby certify that on April 4, 2011, I electronically transmitted

7
**REQUEST FOR RULING CONSISTENT WITH NINTH CIRCUIT**

8
**MANDATE** to the Clerk's Office using the CM/ECF System for filing and
transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

9

10
            David Mark Bass, Esq. : dbass@basslawla.com

11
            Dina Lambrou Anderson, Esq. : danders@gamlaw.com,
            rjoseph@gamlaw.com

12
            James Edward Shively, Esq. : shively@poliball.com, docket@poliball.com,

13
            stevens@poliball.com

14
            James Hendrik Taylor, Esq. : htaylor@lrlaw.com, jwilliams@lrlaw.com

15
            Janice Maureen Kroll, Esq. : jmkroll@hgla.com

            Lisa Marie Hemann, Esq. : lisa.hemann@occlaw.com

16
            Mark C. Hudson, Esq. : mhudson@swazlaw.com, ecfdocket@swazlaw.com

17
            Michael Joseph Plati, Esq. : mike.plati@mwmf.com,

18
            cheryl.lostracco@mwmf.com, genny.coulson@mwmf.com

19
            Michael R. Walker, Esq. : mwalker@swazlaw.com,
            dstephens@swazlaw.com, jlangstraat@swazlaw.com

20
            Orlando F. Cabanday, Esq. : ocabanday@ghla.com, cfall@hgla.com,

21
            lwatts@hgla.com, tcase@hgla.com

22
            Timothy J. Thomason, Esq. : tim.thomason@mwmf.com,
            Cheryl.lostracco@mwmf.com

23

24
            Executed on April 19, 2011, at Los Angeles, California.

25

26
            _____
                   /s/ Belet Lazar

27
                   Belet Lazar

28

1