David M. Bass (CA State Bar No. 117199)
(admitted *pro hac vice* in this action)
dbass@basslawla.com
DAVID M. BASS & ASSOCIATES, INC.
1900 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Telephone: (310) 789-1152
Facsimile:  (310) 789-1149

Attorneys for Defendants FARID
MESHKATAI; ANITA KRAMER
MESHKATAI; COLIN FRIEDMAN; and
HEDY KRAMER FRIEDMAN

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation, and FIDELITY EXPRESS NETWORK, INC., a California corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>COLIN H. FRIEDMAN, individually and as trustee of the Friedman Family Trust UDT, dated July 23, 1987; HEDY KRAMER FRIEDMAN, individually and as trustee of the Friedman Family Trust UDT, dated July 23, 1987; FARID MESHKATAI, an individual; and ANITA KRAMER MESHKATAI, individually and as trustee of the Anita Kramer Living Trust, dated July 23, 1987,<br><br>        Defendants. | Case No. CV 03-1222 PHX RCB<br><br>[Assigned to Hon. Robert C. Broomfield]<br><br>**REPLY IN SUPPORT OF REQUEST FOR RULING CONSISTENT WITH NINTH CIRCUIT MANDATE** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

I. **INTRODUCTION.**

On August 1, 2008 this Court issued an Order that Plaintiffs Fidelity National Financial, Inc. and Fidelity Express Network, Inc. ("Fidelity") had, by action, renewed their judgment against judgment debtors Farid and Anita Meshkatai and Colin and Hedy Friedman (the "Judgment Debtors") in the Central District of California Action *Fidelity National Financial, Inc. v. Colin Friedman*, Case No. 00-6902 (the "California Judgment").[1]  In finding error in that Order, the Arizona Supreme Court clearly set forth the <u>only two ways</u> in which a judgment can be renewed in Arizona, stating:

> [T]he legislature has provided a simple mechanism for renewing the judgment. The judgment creditor need only file an affidavit, in a form specified by statute, within a ninety day period before the judgment expires to obtain renewal and maintain the priority of the original judgment. The statute also preserves the more cumbersome common law action on the judgment. **When a judgment creditor fails to utilize either of these statutory alternatives, its resultant inability to enforce the original judgment in Arizona is compelled by law**.

*Fidelity National Financial, Inc. v. Friedman*, 225 Ariz. 307, 311, 238 P.3d 118, 122 (2010) (emphasis added).  Ignoring this portion of the ruling by the Arizona Supreme Court, Fidelity argues that it renewed its judgment against the Judgment Debtors in Arizona by filing a second, independent registration of the California Judgment in Arizona.  **Fidelity, however, fails to cite to a single case in which a second registration of a judgment in the same foreign court is permitted.**

Incredibly, Fidelity asserts that its Certification of Judgment for Registration in Another District (dated January 1, 2007) and Renewal of Judgment (the "Certification"), which failed to comply with Arizona law regarding renewal of judgments, acted as both an independent second registration of the California Judgment

---

[1] In its Opposition, Fidelity incorrectly states that the Judgment Debtors are asking this Court to reverse its prior Order.  The Judgment Debtors are not asking this Court to reverse its prior Order because the Order has already been reversed by the Ninth Circuit. Judgment Debtors are merely asking for a ruling on their Motion to Quash, Vacate and/or Strike Fidelity's Certification of Judgment (the "Motion") consistent with the Ninth Circuit Mandate.

1  and a renewal of the original judgment registered in Arizona. In making this argument
2  Fidelity argues for the first time that a second registration is permitted under Federal
3  law, despite its prior concession in its Opposition to the Motion that the issue is one of
4  Arizona law. Even if Federal law did control, the one case cited by Fidelity states an
5  entirely different rule than the one advocated by Fidelity in its Opposition to the
6  Request for Ruling, and is inapplicable.[2]

7  Furthermore, Fidelity argues that its failure to comply with the statute constituted
8  a simple clerical error that this Court should overlook, and that it corrected the error by
9  filing a "Additional Renewal Affidavit." However, the Certification filed by Fidelity
10  met almost none of the requirements of the Arizona statute regarding renewal of
11  judgments. *See* Arizona Revised Statutes ("A.R.S.") § 1612(B). Most importantly, the
12  statute requires a renewal <u>affidavit</u>, and no affidavit was filed by Fidelity until after the
13  judgment in Arizona had expired. In fact, the errors in Fidelity's Certification were
14  substantive, not clerical. Fidelity's "Additional Renewal Affidavit" was untimely
15  because it was filed more than five years after the original registration of the California
16  Judgment in Arizona.

17  Fidelity failed to follow Arizona law in "renewing" the judgment in Arizona.
18  There is no Arizona or Federal law that supports a second registration of the same
19  judgment in the same foreign court. Accordingly, this Court must issue an order
20  vacating Fidelity's Certification and finding that Fidelity may no longer enforce the
21  California Judgment in Arizona.

22  **II.   ARGUMENT.**

23       **A.   The Certification is Not a Valid Independent Registration of the
                California Judgment in Arizona.**
24

25  Fidelity argues that the Certification filed in 2007 is a valid, independent
26  registration of the California Judgment because it was filed within four years from the
27  time the cause of action accrued. Fidelity argues that the cause of action did not accrue
28

---
[2] *Del Prado v. B.N. Development Co., Inc.*, 602 F.3d 660 (5th Cir. 2010).

1  until a dismissal of the appeal of the District Court Action in 2003, which was within
2  four years of the date it filed the Certification.  Fidelity, however, first registered the
3  California Judgment in Arizona in 2002 and began enforcing it almost immediately.
4  Based on that first registered judgment, Fidelity took several judgment debtor
5  examinations and obtained numerous garnishment orders.  Fidelity's argument that the
6  California Judgment was not enforceable until after the appeal had been dismissed is
7  inconsistent with its original registration of the California Judgment and its actions to
8  enforce the registered judgment in Arizona prior to filing the Certification in 2007.
9  Furthermore, the Certification attaches an Order from the Central District of California
10 dated October 22, 2002 which expressly allowed Fidelity to register its California
11 Judgment in Arizona at that time.  That Order stated that Fidelity may begin enforcing
12 the registered judgment in Arizona 30 days after August 22, 2002.  (Request for Judicial
13 Notice filed in Support of the Request for Ruling ("RJN"), Exh. I.)  Fidelity has failed
14 to cite to a single case in Arizona or any other jurisdiction in which a second registration
15 of the same judgment in the same court was permitted, even if that second registration is
16 timely filed.
17         In addition, in arguing that the 2007 Certification is a valid independent
18 registration of the California Judgment, Fidelity misstates both Arizona and California
19 law, and advocates that this Court ignore valid Arizona precedent.  Fidelity bases its
20 argument on its misleading interpretation of two Arizona cases, *Day v. Wiswall*, 464
21 P.2d 626, 11 Ariz. 306 (1970) and *Grynberg v. Shaffer*, 165 P.3d 234, 216 Ariz. 256
22 (2007).  Both *Day* and *Grynberg* hold that the cause of action to enforce a foreign
23 judgment accrues under Arizona law when the judgment becomes enforceable under the
24 law of the state that initially entered the foreign judgment.  In *Grynberg*, however, the
25 Court found that, under Colorado law, the judgment debtor's failure to file a supersedeas
26 bond rendered the judgment enforceable within 15 days after judgment was entered.
27 165 P.3d at 258.  Fidelity argues that this Court should not apply *Grynberg* because (i) it
28 relates to Colorado, not California law, and (ii) it was decided after Fidelity filed the

1  Certification and should not be applied retroactively.  Fidelity's argument ignores
2  several important factors.
3      <u>First</u>, as in Colorado, California law also provides that a judgment is enforceable
4  upon entry unless an undertaking or supersedeas bond is posted.  Code of Civil
5  Procedure section 917.1(a) provides that "Unless an undertaking is given, the perfecting
6  of an appeal shall not stay enforcement of the judgment."  Because the Judgment
7  Debtors failed to file a supersedeas bond, the California Judgment was enforceable long
8  before the appeal was dismissed.  Fidelity recognized and acted upon this rule in
9  registering the California Judgment in Arizona in 2002 and commencing collection
10  proceedings almost immediately.  Applying this rule is not inconsistent with the Court's
11  ruling in *Day*.  In *Day*, the issue of an undertaking was not raised because the judgment
12  creditor did not attempt to register the judgment in Arizona until after the judgment was
13  affirmed by the California Supreme Court.  *Day*, 464 P.2d at 627.  If the judgment
14  debtor in *Day* had not posted a bond and the judgment creditor had attempted to register
15  the judgment sooner, the court may well have held that registration was appropriate
16  prior to dismissal of the appeal.
17      <u>Second</u>, the court in *Grynberg* relied upon *Jones v. Roach*, 575 P.2d 345, 118
18  Ariz. 146 (1977), which was decided 30 years before Fidelity filed the Certification, as
19  well as the Uniform Enforcement of Foreign Judgments Act which took effect in
20  Arizona in the 1970s.  The Court in *Grynberg* did not create new law.  Rather, it
21  clarified existing law and restated that finality attaches to a foreign judgment when it is
22  enforceable in the issuing jurisdiction.  165 P.3d at 238.  This fact was recently
23  recognized by the Ninth Circuit in *Menken v. Emm*, 386 Fed. Appx. 599 (9th Cir. 2010),
24  which stated:  "Whether *Day v. Wiswall* created a standard that looked to the foreign
25  state's finality rule, or instead created a rule that the statutory period always runs from
26  the end of the appellate process, was at least debatable before *Grynberg v. Shaffer*
27  because of *Day*'s imprecise language.  Therefore, we conclude that [the judgment
28  creditor's] recording of the lien before the clarity *Grynberg* provided was not

4
REPLY IN SUPPORT OF REQUEST FOR RULING CONSISTENT WITH NINTH CIRCUIT MANDATE

1 'groundless.'" *Menken* at 600 (internal citations omitted). Even if *Grynberg* had
2 created new law, its retroactive application would not harm Fidelity because Fidelity
3 first registered its judgment in 2002, as authorized by the court in California, and then
4 actively pursued collection efforts based on the 2002 registration. The Judgment
5 Debtors did not dispute that the 2002 registration of the California Judgment was valid.
6 Accordingly, Fidelity could have (and should have) complied with A.R.S. § 12-1612(B)
7 to validly renew its registered judgment. Because Fidelity did register its judgment in
8 2002, it could not have relied upon *Day* as it implies.

9 <u>Third</u>, the California judgment enforcement statutes which state that a judgment
10 is not enforceable until final determination of an appeal have been held preempted by
11 Federal Rules of Civil Procedure ("FRCP") 54 and 58, which demonstrate that a
12 judgment is final once entered by the Court. *Leuzinger v. County of Lake*, 253 F.R.D.
13 469, 471-72 (N.D. Cal. 2008). FRCP 62 provides that proceedings may be taken to
14 enforce a judgment beginning ten days after its entry. *Id.* at 472. Accordingly, under
15 either state or federal law, the California Judgment was final and enforceable in 2002.

16 **B.     Federal Law Does Not Permit a Second Registration of a Judgment in the Same Foreign Court.**
17

18 In the Judgment Debtors' Motion, the Judgment Debtors demonstrated that when
19 a federal court judgment is registered in Arizona, any proceeding supplementary to and
20 in aid of the judgment or execution of the judgment must accord with Arizona
21 procedure. *See* RJN, Exh. D, 3:4-9. Fidelity has never disputed that Arizona law
22 controls, and has impliedly conceded to such by failure to ever argue that the question is
23 one of Federal law. In its Opposition to the Request for Ruling, Fidelity, for the first
24 time, asserts that Federal law allows a second registration of a foreign judgment. In
25 making this argument, Fidelity relies solely on a recent Fifth Circuit case, *Del Prado v.*
26 *B.N. Development Co., Inc.*, 602 F.3d 660 (5th Cir. 2010). Fidelity's reliance on *Del*
27 *Prado* is misplaced.
28 / / /

1 *Del Prado* involved a $2 billion judgment in Hawaii against former Philippines President Ferdinand Marcos. The Hawaii judgment was registered in Illinois. Thereafter, the Hawaii judgment expired, and Plaintiffs registered the Illinois judgment in Texas. The Court held that the Illinois judgment acted as an independent judgment that may be registered in another jurisdiction before that judgment itself expires. The Court <u>did not</u> hold that a judgment can be registered more than once in the same foreign court. The inapplicability of *Del Prado* is evident from the very first sentence of the opinion: "This case presents the question of whether a judgment entered in one federal court and then registered in a second federal court pursuant to 28 U.S.C. § 1963, may be re-registered and enforced in a third federal court, a process called 'successive registration.'" *Del Prado*, 602 F.3d at 662. Here, there is no third federal court. Accordingly, the question of law in *Del Prado* was entirely different than the question of law in this case.

In addition, Fidelity failed to acknowledge to this Court that *Del Prado*, decided in the Fifth Circuit, has not been accepted by other circuits. In fact, the holding in *Del Prado* was explicitly rejected by the United States District Court for the District of Colorado in *De Leon v. Marcos*, 742 F.Supp.2d 1168 (D. Co. 2010), which involved the same judgment in Hawaii against Ferdinand Marcos. The Court found that the *Del Prado* court incorrectly applied precedent and could result in "a cascading fountain of registered judgments." *De Leon*, 742 F.Supp.2d at 1175-76.

Fidelity has cited no Federal law which allows the re-registration of one judgment in the same foreign state more than once, and none exists. Were such a process allowed, the statutes governing renewal of judgments would have no meaning.

**C.**     **<u>The Certification did Not Renew the Judgment.</u>**

It is clear from the Arizona Supreme Court's opinion in this action that a judgment in Arizona may renewed only by (i) filing a renewal affidavit in the manner described by statute, or (ii) filing a separate action on the judgment. Moreover, the Court further stated that when a judgment creditor fails to utilize either of these

6
REPLY IN SUPPORT OF REQUEST FOR RULING CONSISTENT WITH NINTH CIRCUIT MANDATE

1. statutory alternatives, its resultant inability to enforce the original judgment in Arizona
2. is compelled by law. *Fidelity*, 225 Ariz. at 311, 238 P.3d at 122. Nevertheless, Fidelity
3. contends that its Certification was adequate to renew the judgment. Fidelity is wrong.
4. <u>First</u>, Fidelity argues that the filing of an affidavit of renewal is simply a
5. ministerial action intended to alert the parties of the existence of the judgment, and that
6. because the Judgment Debtors knew about the judgment, following the statute was
7. unnecessary. Fidelity even goes so far as to state that the judgment debtor examination
8. of Anita Meshkatai "gave notice of the Arizona judgment and its renewal." Opposition
9. to Request for Ruling, 9:22-26. This argument, however, has been explicitly rejected by
10. the Arizona Supreme Court in finding that "[I]t would make little sense for the
11. legislature to have provided strict temporal and filing limitations on the affidavit
12. process, while at the same time allowing any action relating to the judgment, filed
13. anywhere, to renew it." *Fidelity* 225 Ariz. at 311, 238 P.3d at 122.
14. <u>Second</u>, Fidelity claims that its failure to include the information required in a
15. renewal affidavit in its Certification was merely a "clerical" error and that the "technical
16. errors" do not doom the validity of the renewal. Fidelity further argues that the Arizona
17. Supreme Court would follow precedent which states that technical deficiencies do not
18. render a renewal affidavit invalid as long as they are not misleading. Fidelity's errors,
19. however, are substantive, not clerical. Consequently, the errors are misleading. A.R.S.
20. section 1612(B) provides that a renewal affidavit must contain the following specific
21. information:

> 1. The names of the parties, the name of the court in which docketed, if recorded the name of the county in which recorded, the date and amount of the judgment, the number and page of the docket in which entered by the clerk of the court, if recorded, the number and page of the book in which recorded by the county recorder, the name of the owner of the judgment, and his source and succession of title, if not the judgment creditor.
>
> 2. That no execution is anywhere outstanding and unreturned upon the judgment, or if any execution is outstanding, that fact shall be stated.

7

REPLY IN SUPPORT OF REQUEST FOR RULING CONSISTENT WITH NINTH CIRCUIT MANDATE

       3. The date and amount of all payments upon the judgment and that all payments have been duly credited upon the judgment.

       4. That there are no set-offs or counterclaims in favor of the judgment debtor, and if a counterclaim or set-off does exist in favor of the judgment debtor, the amount thereof, if certain, or, if the counterclaim or set-off is unsettled or undetermined, a statement that when it is settled or determined by action or otherwise, it may be allowed as a payment or credit upon the judgment.

       5. The exact amount due upon the judgment after allowing all set-offs and counterclaims known to affiant, and other facts or circumstances necessary to a complete disclosure as to the exact condition of the judgment.

       As set forth in the Motion and Request for Ruling, the Certification includes almost none of this information.  Unlike the circumstances in the cases cited by Fidelity which allow for correction of minor errors in a renewal affidavit (*See* RJN, Exh. D, 7:23-8:26 for a discussion of the cases cited), Fidelity's errors in the Certification are not minor.  Fidelity failed to (i) provide an affidavit or any other signed attestation to the facts provided, (ii) disclose that it had collected on the judgment, (iii) disclose that it had recorded the judgment in two Arizona counties, (iv) include a statement whether any execution was outstanding, (v) include the date and amounts of all payments credited against the judgment, (vi) state whether there were any setoffs or counterclaims against the judgment, (vii) state the exact amount owing, or (viii) file the Certification in the time frame prescribed by A.R.S. section 1612(B).  The failure to include any of this information renders the Certification misleading under Arizona law.  Fidelity claims that the Certification was appropriate because there were no set-offs, counterclaims, or execution outstanding on the judgment to identify.  A.R.S. section 1612(B), however, requires a party to state <u>that there are no set-offs, counterclaims or execution outstanding</u>, not to simply ignore the requirement, if it does not apply.  The absence of any affidavit or any substance to the Certification is a substantive error, not a clerical error that should be ignored by the Court.

       <u>Third</u>, Fidelity claims that this Court should ignore the fact that the Certification was filed more than 90 days before expiration of the judgment because the Judgment

1  Debtors knew about the judgment and supposed renewal.  Knowledge of a judgment
2  debtor does not excuse a judgment creditor from following Arizona law.  The Arizona
3  Supreme Court made this clear in reversing this Court's ruling and stating that judgment
4  creditors are bound to follow one of the two renewal procedures prescribed by statute.
5  The Court explicitly stated that "a judgment debtor will be released from further
6  obligation unless a judgment creditor timely files a renewal affidavit or brings an action
7  on a judgment within five years after its entry." *Fidelity* 225 Ariz. at 311, 238 P.3d at
8  122.  Fidelity failed to do either.  The inclusion of the word "timely" in this provision
9  demonstrates that the time limitations cannot be ignored.  In addition, Fidelity claims
10 that this Court should not follow the court's directive in *State of Arizona ex rel.*
11 *Industrial Commission of Arizona v. Galloway*, 224 Ariz. 325 (2010), which stated that

> A.R.S. § 12-1612(B) expressly provides that a renewal by affidavit must be filed within ninety days before the expiration of the judgment, and strict compliance with the renewal provisions is required to effect a renewal. ADOSH's sixteen-month-premature filing of its renewal affidavit was contrary to the plain language and purpose of the statute and therefore ineffective.

16 *Id.* at 329-330 (internal citations omitted).  Fidelity claims this Court may ignore this
17 citation because it was in dicta and that the court's holding was that the plaintiff could
18 still enforce the judgment.  The court made that ruling, however, based on Arizona's
19 statute regarding civil penalties which do not have to be renewed for eight years.  Here,
20 there is no civil penalty at issue, but a judgment subject to A.R.S. § 12-1612(B).
21 Furthermore, it is clear from the Arizona Supreme Court's ruling in this case that
22 timeliness is required and it, therefore, would follow the statement in *Galloway* that a
23 premature affidavit is ineffective.
24       Fourth, Fidelity claims that it cured any deficiencies in the Certification by filing
25 an "Additional Renewal Affidavit" in February 2008.  Even though the Additional
26 Renewal Affidavit was filed more than five years after the filing of the judgment in
27 Arizona, Fidelity claims that it is valid because it was filed less than five years after the
28 "original renewal affidavit."  This argument is unpersuasive because there was no

1  "original renewal affidavit."  There was only the Certification, which did not include an
2  affidavit or meet most of the other substantive requirements of a renewal affidavit.
3  Accordingly, this Court should follow the long line of cases cited by Judgment Debtors
4  and Fidelity which hold that a renewal affidavit filed more than five years after the
5  original judgment is ineffective.  Because the Certification was not sufficient to
6  constitute a new independent judgment, the fact that the Additional Renewal Affidavit
7  was filed less than five years after the Certification is irrelevant.

### III.   CONCLUSION.

Fidelity has failed to follow proper procedure in Arizona for renewing the California Judgment.  Arizona strictly enforces its statutory requirements including the requirement that an "affidavit" be timely filed.  Fidelity failed to file an appropriate affidavit in a timely manner.  Accordingly, its judgment against the Judgment Debtors is no longer enforceable in Arizona.

Pursuant to the Mandate of the Ninth Circuit, the Judgment Debtors request a ruling on their Motion to Vacate the Certification.  Fidelity argues that the Court should deny Judgment Debtors' request for a ruling.  Because there is currently no order on Judgment Debtor's Motion to Vacate, a ruling must be issued by this Court, no matter what that ruling is.  For the reasons set forth in the Request for Ruling, this Reply and the papers and pleadings filed by Judgment Debtors in support of the Motion, the Court should grant the Motion and (i) vacate the Certification, and (ii) enter an Order that the California Judgment has expired in Arizona, and may no longer be enforced there.

Dated:  May 10, 2011                          DAVID M. BASS & ASSOCIATES, INC.


By:/s/ David M. Bass
　　　David M. Bass
　　Attorneys for Defendants FARID
　　MESHKATAI; ANITA KRAMER
　　MESHKATAI; COLIN FRIEDMAN; and
　　HEDY KRAMER FRIEDMAN